360 So.2d 1137 (1978)
James W. STRADER et al., Appellants,
v.
Thomas A. and Sarah S. MORRILL, Etc., et al., Appellees.
No. JJ-195.
District Court of Appeal of Florida, First District.
July 20, 1978.
Bryan W. Henry and James R. English of Henry, Buchanan, Mick & English, Tallahassee, for appellants.
Thomas A. and Sarah S. Morrill, pro se.
BOOTH, Judge.
This cause is before us on interlocutory appeal from an order denying motion to dismiss for failure to prosecute entered in the Circuit Court, Leon County.
Appellants, defendants below, sought dismissal of the complaint pursuant to Rule 1.420(e), Florida Rules of Civil Procedure, on the grounds that no activity, by filing of pleadings or otherwise, appeared on the face of the record for a period of one year. The court denied the motion and later supplemented its order by setting forth the reasons for the denial as:
"The Order dated February 17, 1978 which denied defendant's Motion for Dismissal for Lack of Prosecution did not set forth any reasons for same, and in view of the circumstances it is deemed that such reasons should be stated. The above case has been under advisement before the Court for some time on questions presented by Motions for Summary Judgment, which have been filed in this case. The undersigned judge has since the argument on said Motion been confronted with a very heavy case load, particularly pertaining to matters pending in the Circuit Courts of Gadsden and Franklin Counties, to which the undersigned is the assigned judge. Furthermore, the issues in this case are varied and complex, the file is very thick with numerous papers to be examined and studied, and the Court deems that it is necessary that there be ascertained what are the issues and which of them are genuine issues and which of them may be disposed of on Summary Judgment, and that a full discussion be set forth in the order dealing with same.
The Court did not deem that there was any lack of prosecution on the part of the plaintiff, and that the Court may take judicial notice of its having a matter under advisement. If such be the case, RCP 1.420(e) would not be applicable. The Court recognizes that the matter has been under advisement for some time, and intends to rule thereon shortly, but for the above reasons has been delayed in doing so.
In the light of the above, the Court deems to dismiss the case for lack of prosecution would have been highly inequitable and also not within the contemplation or scope of RCP 1.420(e)."
*1138 Rule 1.420(e) FRCP requires that activity in the prosecution of a cause be demonstrated by filing pleadings, orders of the court or otherwise and that failure to demonstrate such activity requires dismissal unless good cause is shown which excuses the lack of record activity. This cause has been under advisement and waiting decision of the trial court on motions for summary judgment. At this time the trial court is still engaged in the study and determination of the cause. Although such labor may not be evidenced by a record entry on the docket, it does represent activity directed toward concluding an important step in this litigation. Progress and activity as contemplated by the "otherwise" provision of the Rule has been and is occurring during the time that the trial court is engaged in studying the issues of fact and law presented by motion for summary judgment.
The trial judges of this State are under sufficient pressure from crowded dockets and lack of time without applying a "speedy trial" requirement to the decision-making process itself. Rule 1.420(e) does not require such an interpretation, either by language or intent.
The purpose of Rule 1.420(e) is twofold:
1) To require prompt and efficient prosecution of the case up to the point of submission for disposition or determination by the judge or the jury.
2) To prevent the clogging of the dockets of the trial courts with litigation that has been, essentially, abandoned for the stated period.
Neither of those purposes is served by requiring that a judge who has taken a case under advisement for the purpose of determining the matter act within a one-year period, or else dismiss the case.
Accordingly, the judgment below is AFFIRMED.
BOYER, Acting C.J., and SMITH, J., concur.