SHIVERS, Judge,
dissenting:
Appellant Charles Bassett & Associates, Inc. (Bassett) brought suit against Appellee Bessent, Hammack & Ruckman, Inc. (BHR) and Appellee Sea Pines, Inc. This is an appeal by Bassett from the trial court’s dismissal of Bassett’s action against BHR for failure to prosecute [RCP 1.420(e)]. The trial court refused to dismiss Bassett’s action against Sea Pines for failure to prosecute.
Much time and effort has been invested in this contested case. The Record on Appeal alone consists of 453 pages. On October 24, 1977, Defendant BHR moved to dismiss Bassett’s Fourth Amended Complaint. On November 7, 1977, Defendant Sea Pines moved to dismiss Bassett’s Fourth Amended Complaint. (Neither of these motions to dismiss were based on a failure to prosecute.) On November 7, 1977, Sea Pines filed and served Motion for More Definite Statement. On November 8, 1977, Bassett called “All Pending Motions” on for “argument before, and disposition by” the trial court on December 1, 1977, with notice shown to attorneys for appel-lees.
On December 1, 1977, the Court denied the motions to dismiss. Although Appellant’s Brief does not comment on this, the Record on Appeal reflects no disposition by the trial court of the Motion for More Definite Statement. Since hearing was scheduled on all pending motions, it is presumed this motion was taken under advisement and remains undetermined.
Subsequent to the December 1 hearing a number of pleadings were filed. Between May 9, 1978 and May 9, 1979, the only activity of record was an Order entered March 12, 1979, by the trial court allowing Bassett’s attorneys to remove the court file from the courthouse. Although not filed of record in the Clerk’s office during this period, mail and telephone correspondence between the parties confirms settlement negotiations during February 1979. Change of attorneys also took place during this period.
On May 18, 1979, BHR filed an Amended Motion to Dismiss for Failure to Prosecute (amending its similar May 17, 1979 motion) on the grounds that the last activity of record was an Amended Notice of Deposi *1074 tion served April 24, 1978, which deposition was taken May 9, 1978.
On May 21, 1979, Bassett filed Motion to Set for Trial. On June 1, 1979, Sea Pines filed its Motion to Dismiss for failure to prosecute. The trial court granted BHR’s motion to dismiss and denied the Sea Pines motion to dismiss. At issue is whether the trial court erred in dismissing Bassett’s cause of action against BHR for failure to prosecute as provided in RCP 1.420(e).
Strader v. Morrill, 360 So.2d 1137 (Fla. 1st DCA 1978) stated that the purpose of RCP 1.420(e) is twofold:
1) To require prompt and efficient prosecution of the case up to the point of submission for disposition or determination by the judge or the jury.
2) To prevent the clogging of the dockets of the trial courts with litigation that has been, essentially, abandoned for the stated period.
In Strader we held that the action of the trial court in studying and determining motions for summary judgment although it might not be represented by record entry on the docket represented activity directed toward concluding an important step in litigation so the fact that no other activity had taken place in over a year since the motions for summary judgment were filed did not provide a basis for dismissal for failure to prosecute.
Although the apparently undetermined motion for more definite statement was filed by the appellee Sea Pines and not by the appellee BHR, this should not change the result. In Smith v. St. George Is. Gulf Beaches, Inc., 343 So.2d 847 (Fla. 1st DCA 1976) we held that plaintiff’s obligation is only to show progress in the case, not progress between himself and each defendant. See also DeVaney v. Rumsch, 247 So.2d 69 (Fla. 1st DCA 1971).
The dismissal of a case because a technical rule of procedure was technically breached is a harsh sanction that should be used only in extreme cases. In Houston v. Caldwell, 359 So.2d 858 (Fla.1978), the Supreme Court of Florida held that:
The dismissal of a suit is a drastic remedy which should be ordered only under the most compelling of circumstances.
Here it is clear this case had not been abandoned for the stated period but was being prosecuted and was moving toward judgment on the merits. Dismissal of a live case with these several evidences of record and non-record activity is fundamental error.
Man was not made for the courts. The courts were made for man. I would reverse and remand so this case can continue to proceed to judgment on the merits.