RYDER, Judge.
Petitioner seeks a writ of certiorari quashing an order granting a motion for new trial. We grant certiorari.
The ease was originally heard before a visiting circuit judge, the Honorable John A. H. Murphree, on August 6, 1979, and upon conclusion of the trial, the judge took the case under advisement. On September 14, 1981, respondent, the plaintiff below, filed a motion for retrial alleging that a final judgment in the cause had never been entered and it appeared that Judge Mur-phree was not prepared to make a ruling. The Honorable Allen C. Anderson heard argument of counsel and entered an order stating he would treat the motion as a motion for new trial, and if a final judgment was not rendered within twenty days, the motion for new trial would be considered granted. A copy of Judge Anderson’s order was mailed to Judge Murphree but no response was received.
We find that it was a departure from the essential requirements of law for Judge Anderson to entertain the motion for new trial. In Kirkham v. Kirkham, 385 So.2d 733 (Fla. 2d DCA 1980), a husband’s petition to annul his marriage was granted and the wife timely moved for rehearing. Before a hearing was set on the wife’s motion, the judge who entered the final judgment of annulment rotated to a different division and a successor judge ruled on the motion. This court stated:
Unless the original trial judge is unable by reason of death, disability or other equivalent reason, or is unwilling by reason of recusation to consider a motion for rehearing, that judge should review and determine the motion. Epperson v. Epperson, 101 So.2d 367 (Fla.1958). Here, *1181 even though the circuit court assigned Judge Walker to another division, his jurisdiction to hear a motion for rehearing continued.
Judge Anderson was not presented with any evidence that Judge Murphree’s authority to rule in this case had terminated. On the contrary, the order granting the motion for new trial allowed an interim period of twenty days for Judge Murphree to render a final judgment, indicating Judge Anderson’s apparent belief that Judge Murphree still had authority. Therefore, it was error for Judge Anderson to entertain the motion and to order a new trial.
We note that petitioner correctly argues that unless a showing can be made that Judge Murphree’s authority to act has terminated, the proper remedy under these circumstances is to file a mandamus action compelling Judge Murphree to render a decision in this case.
GRIMES, A. C. J., and DANAHY, J., concur.