SCHEB, Acting Chief Judge.
Madeira Management, Inc., plaintiff below, seeks reversal of the trial court’s dismissal of its case for lack of prosecution. We reverse.
A visiting circuit judge, the Honorable John A.H. Murphree, originally heard this case on August 6, 1979. After trial the judge took the case under advisement. On September 15, 1981, Madeira filed a motion for retrial, alleging that the trial judge had not only failed to enter final judgment but was not prepared to make a ruling. Judge Allen C. Anderson heard Madeira’s motion and treated it as a motion for a new trial. On January 4, 1982, he granted a new trial provided Judge Murphree did not render a final judgment within twenty days of Judge Anderson’s order. A copy of this order was sent to Judge Murphree.
Chapman Realty Corporation filed a petition in this court seeking a writ of common law certiorari to quash Judge Anderson’s January 4 order. We granted the petition and quashed the order. See Chapman Realty Corp. v. Madeira Management, Inc., 414 So.2d 1180 (Fla. 2d DCA 1982). We found that Judge Anderson was not presented with any evidence that Judge Murphree’s authority to rule on the case had terminated by reason of death, disability, or other equivalent reason for his failure to rule. We noted that the parties’ proper remedy was a mandamus action to compel Judge Murphree to render a decision in the case. Neither party sought a writ of mandamus to require Judge Mur-phree to rule.
On March 23, 1984, Judge Robert F. Michael, on his own motion, dismissed this case under Florida Rule of Civil Procedure 1.420(e) for lack of prosecution. This appeal by Madeira ensued.
Madeira argues that rule 1.420(e) does not apply once a case has been tried and taken under advisement by the trial judge to determine its merits. We agree. See Strader v. Morrill, 360 So.2d 1137 (Fla. 1st DCA 1978). As Judge Booth noted in Strader, the purposes of rule 1.420(e) are: (1) to require prompt and efficient prosecution of cases until submitted for disposition or determination by the judge or jury, and (2) to prevent the clogging of trial court dockets with litigation that has been abandoned for the stated period. Id. at 1138. Where, as here, a judge has taken a case under advisement after trial and has not requested any further action of counsel, the matter is in the hands of the trial judge. Thus, no further prosecution by the parties is required. Cf. Sarasota Cattle Co. v. Mikos, 431 So.2d 260 (Fla. 2d DCA 1983), approved, 453 So.2d 402 (Fla.1984) (failure of the litigants and counsel to pursue further action after a party has filed a notice for trial is not grounds for dismissal for lack of prosecution).
Chapman argues that in Chapman Realty Corporation we admonished Madeira that the proper remedy was to file a petition for writ of mandamus to compel Judge Murphree to render a decision, it is true that we said mandamus, and not certiorari, was the proper remedy; however, neither party was required to pursue this course.
Accordingly, we reverse the trial court’s order dismissing this case for lack of prosecution.[1]
DANAHY and CAMPBELL, JJ., concur.

. We have a continuing concern that there should be no unnecessary delays in litigation; therefore, at oral argument we discussed the matter candidly with counsel. They agreed to cooperate in a joint request to Judge Murphree to obtain a prompt ruling. We expect that counsel may accomplish this task by working with the Chief Judge of the Sixth Judicial Circuit.