PER CURIAM.’
This is an appeal from a judgment of dismissal for failure to prosecute pursuant to Florida Rule of Civil Procedure 1.420(e). We hold in accordance with the general rule that, once proper notice of trial has been filed, the court has the duty to set the cause for trial. Balboa Insurance Co. v. Shores of Madeira, Inc., 457 So.2d 596 (Fla. 2d DCA 1984). See also Miami Nat’l Bank v. Greenfield, 488 So.2d 559, 562 (Fla. 3d DCA) (court has duty to set cause *276 noticed by plaintiff for trial; failure to do so precludes dismissal for failure to prosecute despite lack of record activity during ensuing year), rev. denied, 497 So.2d 1217 (Fla.1986).
The trial court is, therefore, directed to reinstate appellant’s cause of action.
Reversed and remanded.