654 So.2d 1297 (1995)
Warren F.X. SMITH, etc., et al., Appellants,
v.
BROWARD COUNTY, etc., Appellee.
No. 94-1444.
District Court of Appeal of Florida, Fourth District.
May 31, 1995.
*1298 Edward A. Licitra of Russo & Talisman, P.A., Coconut Grove, for appellants.
John J. Copelan, Jr., County Attorney, Christine M. Duignan and Anthony C. Musto, Asst. County Attys., and Alexander Cocalis, Chief Trial Counsel, Fort Lauderdale, for appellee.
PER CURIAM.
Plaintiffs Mr. and Mrs. Smith take this appeal from the dismissal of their action for failure to prosecute under Florida Rule of Civil Procedure 1.420(e). We hold that they showed good cause to avoid dismissal and thus reverse.
This case has been set for trial and continued several times. Following the latest continuance, which was at the defense's request, the Smiths sent a letter to the trial judge reminding him of their previous request to set the trial for a date certain to accommodate out-of-state witnesses. That letter was apparently not placed in the court file, and the record is silent on whether the judge received it,[1] but appellee did not dispute the letter's authenticity and concedes having received a copy.
Rule 1.420(e) provides in pertinent part that when there has been no record activity in a case for at least one year, the case shall be dismissed unless a party shows good cause in writing why it should not be dismissed. The Smiths' letter would have constituted sufficient record activity to avoid dismissal if it had been placed in the court file. Koscot Interplanetary, Inc. v. Zurich Ins. Co., 580 So.2d 318 (Fla. 3d DCA 1991). We therefore hold that the letter constituted a sufficient showing of good cause even though it was not record activity.
We note that the better procedure in this case would have been for the Smiths' counsel to have filed a motion to reset the cause for trial. See Fishe & Kleeman, Inc. v. Aquarius Condo. Ass'n, Inc., 524 So.2d 1012 (Fla. 1988). The fact that the letter was apparently not placed in the court file illustrates the danger in relying on a letter to the trial judge to move a case forward.
REVERSED.
GLICKSTEIN, WARNER and KLEIN, JJ., concur.
NOTES
[1] A successor judge heard the motion to dismiss for lack of prosecution. The judge did not have a copy of the file at the hearing, and much of the file was subsequently lost due to no fault of the parties.