730 So.2d 766 (1999)
Alina C. YOUNG, Appellant,
v.
MOBILE DENTAL HEALTH, INC., Appellee.
No. 97-05329.
District Court of Appeal of Florida, Second District.
March 19, 1999.
Lynn H. Cole of Law Offices of Lynn H. Cole, P.A., Tampa; and Mary L. Taylor of Prevatt, England & Taylor, Tampa, for Appellant.
Paul M. Sisco of Black & Jung, P.A., Tampa, for Appellee.
PER CURIAM.
Alina C. Young appeals the order dismissing her claim for damages filed against Mobile Dental Health, Inc., pursuant to the Fair Labor Standards Act, 29 U.S.C. section 216(b), and section 448.08, Florida Statutes (1993). We reverse.
The trial court dismissed Young's case pursuant to Florida Rule of Civil Procedure 1.420(e) for failure to prosecute. The record shows, however, that while there had been no record activity for over a year when the court dismissed the case, Young had filed a notice for trial but the court never set the case for trial. Once a plaintiff has filed a notice for trial, it is the trial court's responsibility to enter an order setting a date for trial, and it is the filing of the notice which bars the court from dismissing the action for lack of prosecution. See Mikos v. Sarasota Cattle Co., 453 So.2d 402 (Fla.1984); State Dep't of Environmental Protection v. Crest Products, Inc., 671 So.2d 211 (Fla. 2d DCA 1996). Therefore, since Young filed a notice *767 for trial and the trial court did not set the cause for trial, the court was barred from dismissing Young's claim for lack of prosecution.
Accordingly, we reverse the dismissal order and the final judgment, and we remand for further proceedings.
BLUE, A.C.J., and WHATLEY and GREEN, JJ., Concur.