KELLY, Judge.
Jane Jones appeals from the trial court’s order granting the motions to dismiss for lack of prosecution filed by the defendants, Volunteers of America North and Central Florida, Inc., and Kimberly S. Cullen. The trial court, in its order, found that the cause was not at issue as to both defendants at the time the notice for trial was filed and, therefore, the notice was insufficient record activity to prevent dismissal. We agree and affirm.
Ordinarily, an action is not subject to dismissal for lack of prosecution under Florida Rule of Civil Procedure *281 1.420(e)[1] if the plaintiff has noticed the case for trial. Young v. Mobile Dental Health, Inc., 730 So.2d 766 (Fla. 2d DCA 1999). However, a notice for trial will not protect the plaintiff from dismissal if the case is not “at issue” when the notice is filed. Gen. Guar. Ins. Co. v. Bolivar, 460 So.2d 1011 (Fla. 2d DCA 1984). An action is at issue when the pleading process is completed. Kubera v. Fisher, 483 So.2d 836 (Fla. 2d DCA 1986). Here, Cullen’s failure to file an answer or other responsive pleading was sufficient to prevent this case from being at issue. See Bennett v. Cont’l Chems., Inc., 492 So.2d 724, 726-27 (Fla. 1st DCA 1986) (noting that the case was not at issue at the time the notice for final hearing was served, as “no answer had yet been filed crystallizing the issues”). The case had to be at issue as to both defendants before it could be set for trial.
When Cullen failed to answer the complaint, Jones’ proper course of action would have been to move for a default judgment against Cullen or to dismiss Cullen from the suit. Instead, Jones did nothing and Cullen continued to be a party to the action. The entire action was subject to dismissal, not just the inactive defendant. Williams v. Susquehanna Veal Farms, Inc., 828 So.2d 420 (Fla. 1st DCA 2002) (holding that dismissal for failure to prosecute under rule 1.420(e) is a remedy that is available only as to an entire case); Magers v. Walker’s Cay Air Terminal, Inc., 451 So.2d 867 (Fla. 4th DCA 1983) (same).
Because there was no record activity in the case for over a year, other than the invalid notice for trial, the trial court did not abuse its discretion in granting the motions to dismiss. Accordingly, we affirm the order dismissing the action.
Affirmed.
BLUE, C.J., and DAVIS, J., concur.

. Rule 1.420(e) states:
All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending.