HAZOURI, J.
Randall L. Leshin, Esquire, and Randall L. Leshin, P.A., petitions this court for writ of mandamus to direct the trial court to disburse certain funds, which were held in a trust account by respondent, Nancy Kay Dailey’s former counsel, Robert C. Sorgini. We grant the petition for mandamus.
In prior litigation, Randall L. Leshin, Esquire, filed an attorney’s lien against Nancy K. Dailey and the trial court ordered that Leshin be paid on his lien in the amount of $250,000. Dailey appealed and the trial court permitted Dailey’s attorney, Robert C. Sorgini, to hold the lien amount in an interest bearing trust account pending the outcome of the appeal. This court decided the appeal in Leshin’s favor. See *455 Dailey v. Leshin, 747 So.2d 946 (Fla. 4th DCA 1999) (Table).
As a result of the mandate in Dailey, supra, on September 1, 1999, Leshin filed a motion for disbursement including interest. On September 9, 1999, the trial court granted the motion, but ordered that any disputes concerning interest would be resolved at a subsequent hearing. After receiving the September 9th order, Sorgini disbursed the $250,000 to Leshin but retained possession of the $4,350.05 accumulated interest and refused to disburse to Leshin the interest earned on the funds. Thereafter, on September 21,1999, Leshin filed a renewed motion for disbursement of interest seeking the accumulated interest which the trial court denied.
The duty required through mandamus must be ministerial in nature; there must be no room for the exercise of discretion, and the performance required must be directed by law. Town of Manalapan v. Rechler, 674 So.2d 789, 790 (Fla. 4th DCA 1996) (citing Solomon v. Sanitarians’ Registration Bd., 155 So.2d 353 (Fla.1963)), rev. denied, 684 So.2d 1353 (Fla.1996). The judgment of $250,000 is liquidated damages and, therefore, Leshin is entitled to interest on that liquidated amount until paid. Liquidated damages became certain upon entry of the judgment of the lien and computation of the prejudgment interest is merely a mathematical computation. There is no finding of fact needed. Thus, it is purely a ministerial duty of the trial judge to add the appropriate amount of the interest to the principal amount of the damages awarded. See Argonaut Ins. Co., et al. v. May Plumbing Co., 474 So.2d 212, 215 (Fla.1985). Hence, since it is merely a ministerial act, mandamus is appropriate and we hereby direct the trial court to enter an order directing the disbursement of the interest retained plus the interest earned thereon.
STONE and FARMER, JJ., concur.