895 So.2d 1274 (2005)
Jose REYES, Appellant,
v.
REEVES SOUTHEASTERN CORP., Appellee.
No. 2D03-5633.
District Court of Appeal of Florida, Second District.
March 11, 2005.
Robert W. Schoenfelder, St. Petersburg, for Appellant.
No appearance for Appellee.
KELLY, Judge.
Jose Reyes seeks review of the final order dismissing his action against Reeves Southeastern Corp. for lack of prosecution. Reyes contends that the dismissal was improper because the trial court failed to schedule the case for trial pursuant to his notice for trial and because he was not afforded notice or a hearing prior to dismissal. We agree and reverse.
On June 22, 2000, Reyes sued Reeves for wrongful discharge from employment. On September 25, 2001, the trial court entered an order referring the parties to mediation. The mediation was unsuccessful, and on December 11, 2001, Reyes' counsel filed notice in the trial court that the case was ready to be set for a jury trial. There was no further action of record until September 17, 2003, when the court issued a notice of intent to dismiss for lack of prosecution. Although it appears from the notice that the court set the matter for hearing, the record reveals that the court did not send the notice to Reyes' counsel of record. As a result, Reyes' counsel did not appear at the hearing, and the court dismissed the case for failure to prosecute.
Once a party files a proper notice of trial, it is the court's duty to set the cause for trial. Failure to do so precludes dismissal for failure to prosecute despite the lack of record activity. Young v. Mobile Dental Health, Inc., 730 So.2d 766 (Fla. 2d DCA 1999); Balboa Ins. Co. v. Shores of Madeira, Inc., 457 So.2d 596 (Fla. 2d DCA 1984); Yankee Constr. Corp. v. Jones-Mahoney Corp., 430 So.2d 973 (Fla. 2d DCA *1275 1983). Because there was no record activity in Reyes' case after he filed his notice for trial, the trial court was barred from dismissing the action for lack of prosecution. We therefore need not address Reyes' argument regarding the lack of notice or hearing.
Accordingly, we reverse the dismissal order and remand to the trial court with directions to reinstate Reyes' cause of action.
NORTHCUTT and VILLANTI, JJ., Concur.