WARNER, J.
The trial court dismissed this case for lack of prosecution when the last record activity was the filing of motions to dismiss and a motion for summary judgment. Because the trial court’s procedures prevented the parties from setting these motions for hearing, we conclude that the duty to proceed rested on the trial court, and dismissal for failure to prosecute is unavailable where the court’s procedures require the court, not the parties, to set the case for hearing.
Appellant/plaintiff filed a complaint alleging fraud against the defendants. After several amended complaints were filed, the various defendants filed motions to dismiss, and one defendant filed a motion for summary judgment. The affidavit in support of the motion, the last recorded pleading, was filed on June 17, 2002.
Ón June 12, 2002, the defendants mailed the trial court copies of the motions to dismiss and for summary judgment and requested the court to specially set hearings on the motions. This was in accordance with the judge’s announced procedure that requests for specially set hearings be made in writing, after which the judge would set the hearing and notify the parties. In July 2002, the defendants sent a second letter to the court, reminding it of the request for hearings. Finally, on April 3, 2003; appellant/plaintiff sent a letter to the court again requesting a hearing on the motions. The defendants moved to dismiss the matter for failure to prosecute in November 2003, and the trial court granted the motion.
Florida Rule of Civil Procedure 1.420(e) governs the dismissal of actions for failure to prosecute. The test to be applied by the trial court when determining whether to dismiss for lack of prosecution is whether 1) the defendant has shown “there was no record activity for the year preceding the motion” and 2) the plaintiff has failed to show “good cause why the action should not be dismissed.” Metro. Dade County v. Hall, 784 So.2d 1087, 1090 (Fla.2001).
*1120 Although ' the appellant/plaintiffs letter of April 2003 requesting the judge set a hearing does not constitute record activity because it was not filed with the court, it is sufficient to show good cause as to why the action should remain pending. See Smith v. Broward County, 654 So.2d 1297 (Fla. 4th DCA 1995). In Smith, trial had been continued, and the plaintiffs mailed the trial judge a letter requesting the court set a date certain for the trial in accordance with a previous request. We held that “the letter constituted a sufficient showing of good cause even though it was not record activity” and reversed the order dismissing for failure to prosecute. Id. at 1298.
Similarly, in this case the trial court’s announced procedures precluded the parties from setting the motions on the court’s calendar. 'All the parties could do was to request the court take action. The court thus placed on itself the duty to advance the case by setting the motions on its calendar.
In this respect, this case is more in line with Fuster-Escalona v. Wisotsky, 781 So.2d 1063 (Fla.2000). There, a plaintiff filed a motion to disqualify the trial judge. No further activity occurred for more than a year, and the trial court dismissed the cause for failure to prosecute. This court affirmed, concluding that the mere filing of the motion, without any attempt to secure a hearing within the year was insufficient to explain the lack of record activity. See Fuster-Escalona v. Wisotsky, 715 So.2d 1053, 1054 (Fla. 4th DCA 1998). In disapproving this court’s decision, the supreme court held that because the statutes and court rules required action by the trial court on the motion to disqualify, and precluded further action until the disqualification motion was disposed of, the plaintiff was not required to call the motion up for hearing in order to avoid a dismissal for failure to prosecute. 781 So.2d at 1065-66.
In its opinion, the court cited Lukowsky v. Hauser & Metsch, P.A., 677 So.2d 1383, 1384 (Fla. 3d DCA 1996), with approval. In Lukowsky, the third district held that “whenever a dispositive motion is pending before the court, and the parties are awaiting the court’s ruling on that motion, the duty to proceed- rests squarely upon the court.” There, the trial court had heard argument on the motion, and the parties awaited only the court’s ruling. Id. at 1383. Thus, the duty to proceed rested with the trial court and it was error for the court to dismiss the action for failure to prosecute.
Just as in Fuster-Escalona, we conclude that the trial court’s announced policy of setting special motions itself compelled it to set the defendants’ motions to dismiss and for summary judgment for hearing. The duty to proceed rested squarely upon the trial court, and the court erred in dismissing the case for lack of prosecution when it had failed to set the motions for hearing in accordance with its announced procedures.
Reversed for reinstatement of appellant’s complaint.
POLEN and HAZOURI, JJ., concur.