904 So.2d 642 (2005)
Arleen Hansen CARLSON, Appellant,
v.
JEFLIS PROPERTY MANAGEMENT CORPORATION, Appellee.
No. 2D04-1912.
District Court of Appeal of Florida, Second District.
June 24, 2005.
R. Patrick Mirk of R. Patrick Mirk, P.A., Tampa, for Appellant.
David L. Partlow of David L. Partlow, P.A., Tampa, for Appellee.
*643 ALTENBERND, Chief Judge.
Arleen Hansen Carlson appeals a judgment entered against her and in favor of Jeflis Property Management Corporation based upon a jury verdict in an action for breach of contract. Ms. Carlson argues that the trial court should have granted her motion to dismiss the case for lack of prosecution because, after the jury verdict was rendered, no final judgment was entered and there was no record activity for a period of one year. We conclude Florida Rule of Civil Procedure 1.420(e) does not apply after a jury has rendered a verdict and the parties are awaiting the entry of a final judgment in accordance with that verdict. We therefore affirm the judgment.
Jeflis Property Management commenced this action in county court. The case was removed to circuit court because Ms. Carlson responded with a counterclaim that exceeded the jurisdictional limit of county court. At the trial on all of the claims, the jury rejected the counterclaim and returned a verdict on August 15, 2002, in favor of Jeflis Property Management in the amount of $3088.86. Ms. Carlson filed posttrial motions, which were denied in September. Our record indicates that there was no further record activity in the court file from September 2002 until Ms. Carlson filed a motion to dismiss for failure to prosecute on December 10, 2003. The trial court entered the final judgment a few days later without ruling on Ms. Carlson's motion to dismiss. Ms. Carlson then filed a motion for rehearing. Thereafter, the trial court denied both the motion for failure to prosecute and the motion for rehearing.
From the record, it is unclear whether the trial judge ordered any specific party to prepare a judgment for the court. As is *644 a common practice, the prevailing plaintiff initiated steps to prepare the judgment. The parties tried to resolve the issue of attorneys' fees prior to the entry of this judgment but were unsuccessful. It appears those efforts terminated by December 4, 2002. Somehow, a judgment was not submitted to the trial judge, and the trial judge did not himself prepare a judgment.
Rule 1.420(e), provides:
Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending.
Although facially the rule would seem to authorize the dismissal of an action for lack of prosecution at any stage in the proceedings when no record activity has occurred for one year, case law has recognized a few stages in the litigation process when the application of this rule is essentially suspended. These exceptions generally exist when the action is in a state of limbo due to the failure of the court itself to act.
Thus, this court has held that rule 1.420(e) does not apply once a case has been prosecuted through trial. In Madeira Management, Inc. v. Chapman Realty Corp., 459 So.2d 1177 (Fla. 2d DCA 1984), a visiting circuit judge conducted a trial and took the case under advisement but did not render a decision. After some procedural mishaps and a long delay, the defendant sought dismissal of the action for failure to prosecute. This court noted that the purposes of rule 1.420 "are (1) to require prompt and efficient prosecution of cases until submitted for disposition or determination by the trial judge or jury, and (2) to prevent the clogging of trial court dockets with litigation that has been abandoned for the stated period." 459 So.2d at 1178 (citing Strader v. Morrill, 360 So.2d 1137 (Fla. 1st DCA 1978)). We held: "Where, as here, a judge has taken a case under advisement after trial and has not requested any further action of counsel, the matter is in the hands of the trial judge. Thus, no further prosecution by the parties is required." Id.; see also Lukowsky v. Hauser & Metsch, P.A., 677 So.2d 1383 (Fla. 3d DCA 1996) (holding that cause cannot be dismissed for lack of record activity when a dispositive motion is pending before the court and the parties are awaiting the court's ruling because "the duty to proceed rests squarely upon the court").
Madeira Management is consistent with cases holding that the filing of a proper notice for trial[1] bars the court from dismissing the action for lack of prosecution. See Mikos v. Sarasota Cattle Co., 453 So.2d 402 (Fla.1984); Young v. Mobile Dental Health, Inc., 730 So.2d 766 (Fla. 2d DCA 1999); Pierstorff v. Stroud, 454 So.2d 564 (Fla. 2d DCA 1983); Rodriguez v. Gonzalez Moving & Storage Co., 595 So.2d 275 (Fla. 3d DCA 1992).[2] As the Fourth *645 District stated in Fox v. Playa Del Sol Ass'n, 446 So.2d 126 (Fla. 4th DCA 1983), "After notice of trial, absent any other happening, the ball was in the court's court." Id. at 127; see also Lucaya Beach Hotel Corp. v. M.L.T. Mgmt. Corp., 898 So.2d 1118 (Fla. 4th DCA 2005) (reversing dismissal of action for lack of prosecution because the duty to proceed rested with the trial judge, who specifically required parties to request hearings in writing after which the judge would set the hearing and notify the parties).
As illustrated by these cases, there are certain times when the responsibility to move a case forward rests with the trial judge and not necessarily with the parties. During those times, the dismissal of the case for failure to prosecute is inappropriate. The question in this case is whether the stage in the proceedings between the rendition of a verdict by the jury and the entry of judgment by the judge is one of these periods.
Oddly, the Florida Rules of Civil Procedure contain many references to a final judgment, but they do not appear to contain a rule explaining the procedure for entry of judgment on a jury's verdict. Chapter 55, Florida Statutes (2003), contains many substantive provisions concerning judgments but does not contain a provision expressly stating that a trial judge must enter judgment on a verdict. However, at least for purposes of time standards, a trial judge does have a duty to rule upon a judgment within a reasonable time. See Fla. R. Jud. Admin. 2.050(f).
Although a trial judge may sometimes be required to make additional decisions or exercise some manner of discretion in entering a final judgment following a verdict, in many cases the act is purely ministerial. Cf. Leshin v. Dailey, 840 So.2d 454 (Fla. 4th DCA 2003) (holding computation of interest on liquidated damages was ministerial act that was appropriate basis for mandamus relief). In this case, the trial court was required to perform the mathematical calculation to determine prejudgment interest based on established facts and may have needed to reserve jurisdiction for a later determination of attorneys' fees, but this process could have been performed by a court clerk. In federal court, for example, the responsibility for entry of a judgment lies with the clerk, although under certain circumstances the judge is required to "promptly approve the form of the judgment." See Fed.R.Civ.P. 58(a)(2)(1)(B).
The preparation of documents may be delegated to the parties, but the responsibility to enter a judgment on a jury's verdict still remains with the court. No entity except the court can validly enter a judgment. Accordingly, we conclude that rule 1.420(e) does not apply during the period between verdict and entry of judgment.
Ms. Carlson argues that the supreme court's decision in Frohman v. Bar-Or, 660 So.2d 633 (Fla.1995), requires the application of rule 1.420(e) to dismiss an action for lack of prosecution even after a jury has rendered a verdict. In Frohman, the supreme court specifically held that rule 1.420(e) applies to postjudgment proceedings to seek a deficiency judgment in mortgage foreclosure actions. Foreclosure actions, however, present a circumstance different from that presented in an action such as breach of contract. Foreclosures may involve two distinct but related proceedings that can result in more than one final judgment or order. See, e.g., ch. 702, Fla. Stat. (2003). The entry of a judgment of foreclosure is a final *646 order, the validity and effect of which is unaffected by any subsequent postjudgment proceedings to obtain a deficiency judgment. Indeed, a party obtaining a judgment of foreclosure may decide not to pursue a deficiency judgment. Notably, in Frohman, the court held that before rule 1.420(e) could be applied in a mortgage foreclosure suit, "the following events must occur: 1) entry of final judgment of foreclosure; 2) sale of the foreclosed property pursuant to judgment; 3) issuance of a certificate of title for the property; and 4) a reservation of jurisdiction by the trial court for later determination of a deficiency judgment." 660 So.2d at 636. The reason for requiring these conditions precedent to the application to the rule seems to have been a concern that without these conditions, the application of the rule could nullify an otherwise valid foreclosure judgment. 660 So.2d at 635. In a typical action such as one for breach of contract, however, the application of rule 1.420(e) after the jury has rendered its verdict would have the effect of nullifying the otherwise valid verdict reached upon the merits of the claim.
In addition, the entry of the foreclosure judgment with a provision reserving jurisdiction for entry of a future deficiency judgment places the case squarely back into the hands of the parties and out of the hands of the judge. Here, as discussed above, the responsibility for entering a judgment based on the jury's verdict remained with the trial court. In this manner, the reasoning of Frohman is reconciled with our holding in this case.
We also distinguish this case from the Fifth District's recent holding in Patton v. Kera Technology, Inc., 895 So.2d 1175 (Fla. 5th DCA 2005), which was issued after the parties filed their briefs in this case. In Patton, the parties participated in a hearing on a motion to dismiss. It was disputed whether the hearing resulted in the trial court taking the matter under advisement or making an oral pronouncement of its ruling, and the appellate court lacked the record necessary to resolve this dispute. After more than a year with no further record activity, the defendants sought to dismiss the case for lack of prosecution. The Fifth District affirmed the trial court's order dismissing the case for lack of prosecution, stating, "the court's failure to enter an order, without more, may not always be sufficient to avoid dismissal for lack of prosecution," particularly in light of a plaintiff's responsibility to expedite litigation. Id. at 1178.
We need not decide whether we agree with the reasoning in Patton because we conclude the case is distinguishable from the one presented here. First, there is no dispute here as to the outcome of this trial: the jury rendered a verdict in favor of the plaintiff, and the only act remaining to conclude the case was the entry of a final judgment in accordance with that verdict. Further, Patton involved a pending motion early in the litigation; not a jury verdict entered after trial. Certainly, the plaintiff in Patton would seem to have had many opportunities to continue the prosecution of his case through discovery or other actions intended to move the case forward, despite the motion pending before the trial court. Also, in Patton, the dismissal of the action would not undermine a dispositive decision in favor of the plaintiff on the merits of the cause of action. Here, we conclude, as did the trial judge, that the rendering of the jury's verdict was sufficient to avoid dismissal for lack of prosecution.
Because rule 1.420(e) cannot be applied to dismiss a case once a jury has rendered a verdict and the parties are simply awaiting the entry of a final judgment in accordance with that verdict, the trial court *647 correctly denied Ms. Carlson's motion to dismiss the case for lack of prosecution and properly entered a judgment in accordance with the jury's verdict.
Affirmed.
FULMER and WHATLEY, JJ., Concur.
NOTES
[1] See Fla. R. Civ. P. 1.440(b).
[2] But see Fishe & Kleeman, Inc. v. Aquarius Condo. Ass'n, 524 So.2d 1012 (Fla.1988) (limiting application of rule in Mikos to those cases in which trial court takes no action to set case for trial; refusing to apply rule when initial trial was continued and case thereafter lay dormant over one year); Bogart v. F.B. Condos., Inc., 438 So.2d 856 (Fla. 2d DCA 1983) (same).