922 So.2d 422 (2006)
Israel CABRERA, Appellant,
v.
PAZOS, LARRINAGA & TAYLOR, P.A., and Robert Earl Taylor, individually, Appellee.
No. 2D04-2441.
District Court of Appeal of Florida, Second District.
March 10, 2006.
Rudolph C. Campbell, Tampa, for Appellant.
No appearance for Appellee Pazos, Larrinaga & Taylor, P.A.
Robert E. Taylor, pro se.
SALCINES, Judge.
Israel Cabrera appeals the trial court order which dismissed Mr. Cabrera's *423 complaint against Pazos, Larrinaga, and Taylor, P.A., and Robert E. Taylor, Esq. (collectively "Taylor"), for lack of prosecution as a result of a motion filed by Taylor.[1] Because Mr. Cabrera had filed a notice for trial pursuant to Florida Rule of Civil Procedure 1.440(b) which was pending at the time the trial court dismissed the action, we reverse the dismissal of the complaint and remand for further proceedings.
Mr. Cabrera instituted this action on December 13, 2001. On June 30, 2003, he filed a document in accordance with rule 1.440(b) entitled "Motion and Notice for Jury Trial." A case management conference was scheduled by the trial court. When Mr. Cabrera failed to attend the conference, the action was dismissed. On November 19, 2003, in response to a motion filed by Mr. Cabrera, the trial court entered an order vacating the order of dismissal. Thereafter, on February 23, 2004, Taylor filed a motion to dismiss for failure to prosecute pursuant to Florida Rule of Civil Procedure 1.420(e).[2] Taylor also filed a motion for summary judgment on the same date.
A hearing was conducted to consider Taylor's motions. On May 7, 2004, the trial court rendered the order on review. In the order, the trial court found that Mr. Cabrera had failed to move the case toward trial and had "`done nothing' to prepare this case for trial in over one year." The trial court noted that the statute of limitations for refiling the complaint had passed, and the case was dismissed for failure to prosecute.
Mr. Cabrera filed a motion to vacate the judgment dismissing the action. He pointed out that at the time the motion to dismiss for failure to prosecute was filed, one year had not elapsed from the date he filed the "Motion and Notice for Jury Trial." Mr. Cabrera also argued that pursuant to Young v. Mobile Dental Health, Inc., 730 So.2d 766 (Fla. 2d DCA 1999), the trial court should not have dismissed the case for failure to prosecute after the notice for trial had been filed. See also Mikos v. Sarasota Cattle Co., 453 So.2d 402, 403 (Fla.1984), receded from in part, Fishe & Kleeman, Inc. v. Aquarius Condo. Ass'n, 524 So.2d 1012, 1015 (Fla.1988) ("[I]f the case is continued, `the litigants have an obligation to re-notice the case for trial or at least initiate some action to alert the Court that the case needs to be reset.'" (quoting Fishe & Kleeman, Inc. v. Aquarius Condo. Ass'n., 503 So.2d 1272, 1274 (Fla. 4th DCA 1987))).
The trial court denied the motion to vacate and in the written order stated:
Specifically, over the course of the past year, the Court has advised Plaintiff's counsel to undertake any action to move the matter toward a Trial, including the setting of the case since the Court maintains publicly available Trial dates and form Order[s] Setting Trial. Plaintiff's *424 counsel has simply not done anything. Thus, this Court hereby DENIES Plaintiff['s] counsel['s] Motion for Reconsider[ation].
In denying the motion, the trial court relied upon its customary practice which placed the burden upon the parties to set cases on the trial docket. We disapprove of this practice just as the First District in Parrish v. Dougherty, 505 So.2d 646, 648 (Fla. 1st DCA 1987), disapproved a similar local practice. See also Bennett v. Cont'l Chems., Inc., 492 So.2d 724, 727 (Fla. 1st DCA 1986) (noting disapproval of similar local practice in Padgett v. First Fed. Sav. & Loan Ass'n of Santa Rosa County, 378 So.2d 58 (Fla. 1st DCA 1979)).
This court held in Reyes v. Reeves Southeastern Corp., 895 So.2d 1274, 1274 (Fla. 2d DCA 2005), that once a party files a proper rule 1.440(b) notice that a matter is ready for trial, it is the court's duty to set the cause for trial. See Young, 730 So.2d at 766 ("[I]t is the trial court's responsibility to enter an order setting a date for trial, and it is the filing of the notice which bars the court from dismissing the action for lack of prosecution."). Failure of the trial court to set the case for trial precludes dismissal for failure to prosecute despite the lack of record activity. Reyes, 895 So.2d at 1274-75; see Pierstorff v. Stroud, 454 So.2d 564, 565 (Fla. 2d DCA 1983). This matter was never scheduled for trial after Mr. Cabrera filed his notice for jury trial.[3]
The trial court abused its discretion when it dismissed Mr. Cabrera's complaint for failure to prosecute pursuant to rule 1.420(e). Accordingly, we reverse the final judgment of dismissal and remand for further proceedings.
Reversed and remanded.
FULMER, C.J., and CANADY, J., Concur.
NOTES
[1] The order, which is the subject of this appeal, also granted in part a motion for summary judgment in favor of Taylor. This court has no jurisdiction to review a nonfinal order granting a motion for summary judgment. City of Tampa v. McAfee, 896 So.2d 943, 945 (Fla. 2d DCA 2005). Accordingly, we do not address the portion of the order which granted in part Taylor's motion for summary judgment.
[2] Effective January 1, 2006, rule 1.420(e) was amended. The Committee Note to the amended rule indicates that the purpose of the amendment was "to provide that an action may not be dismissed for lack of prosecution without prior notice to the claimant and adequate opportunity for the claimant to recommence prosecution of the action to avert dismissal." In re Amendments to the Fla. R. Civ. P. (Two Year Cycle), 917 So.2d 176, 182 (Fla.2005). This amendment is not applicable in the present case.
[3] We note that the present case does not involve an instance in which the trial court sua sponte, or upon motion by Taylor, entered an order finding that the cause was not at issue at the time the rule 1.440(b) notice was filed by Mr. Cabrera. See Jones v. Volunteers of Am. N. & Cent. Fla., Inc., 834 So.2d 280, 281 (Fla. 2d DCA 2002).