933 So.2d 1233 (2006)
CINCINNATI EQUITABLE INS. CO., et al., Appellants,
v.
Edith HAWIT, Appellee.
No. 3D05-1796.
District Court of Appeal of Florida, Third District.
July 19, 2006.
*1234 Ruden, McClosky, Smith, Schuster & Russell and John H. Pelzer and Brigid F. Cech, Fort Lauderdale, and Norman S. Segall, Miami, for appellants.
Lopez & Best and Virginia M. Best, for appellee.
Before GREEN, RAMIREZ, and CORTIÑAS, JJ.
RAMIREZ, J.
Cincinnati Equitable Insurance Company and Amedex International Corporation appeal a final judgment awarding attorney's fees in favor of appellee Edith Hawit. In the appeal, Cincinnati Equitable and Amedex include a challenge to the court's denial of their Motion to Dismiss for Failure to Prosecute. We affirm the trial court's denial of Cincinnati Equitable's and Amedex's Motion to Dismiss for Failure to Prosecute, but reverse the court's assessment of interest on attorney's fees and its determination of entitlement to attorney's fees for time spent litigating the amount of attorney's fees.
After a jury trial in September of 1999 on Cincinnati Equitable's denial of Hawit's claim for insurance benefits arising out of a hospitalization for a surgical procedure, the jury found that Cincinnati Equitable had waived its right to deny payment under the insurance policy for the inaccurate and incomplete information in the application or for the failure to comply with the ten-day notice requirement in the policy. *1235 It also found that Amedex, whose agent personally sold Hawit her policy, violated section 626.911, Florida Statutes. The court did not enter final judgment and, over two years later, Cincinnati Equitable and Amedex filed a Motion to Dismiss for Failure to Prosecute, which the court denied. The parties subsequently settled the matter, but reserved the issue of attorney's fees for determination.
On August 10, 2004, the court concluded that Hawit was entitled to attorney's fees. The remaining issues related to attorney's fees were referred to a general magistrate for a hearing. The general magistrate determined that Hawit was entitled to attorney's fees and costs in the amount of $112,432.96. That amount included 8.1 hours Hawit's counsel spent litigating whether the fee was limited to an $8,000.00 maximum. Cincinnati Equitable and Amedex filed exceptions to the Magistrate's Report, which the trial court denied. The court ultimately sustained the Magistrate's Report in all respects and entered a final judgment in the amount of $112,432.96. Cincinnati Equitable and Amedex then appealed.
In its calculation, the general magistrate assessed interest on the attorney's fees from the date the jury rendered its verdict in favor of coverage. We hold that prejudgment interest on an award for attorney's fees accrues from the date entitlement is determined.
When calculating interest on attorney's fees, the interest on the award "accrues from the date entitlement to attorney's fees is fixed through agreement, arbitration award, or court determination, even though the amount of award has not been determined." Quality Engineered Installation, Inc. v. Higley South, Inc., 670 So.2d 929, 930-31 (Fla.1996). The Florida Supreme Court in Quality Engineered Installation reasoned that the burden of nonpayment should be placed on the party fixed with the obligation to pay the attorney's fees, and that using the date of entitlement as the date of the accrual of interest "serves as a deterrent to delay by the party who owes the attorney fees." Id. at 931. Similarly, in National Portland Cement Co. v. Goudie, 718 So.2d 274 (Fla. 2d DCA 1998), the court held that the plaintiff was not entitled to fees until the date of the court's order awarding attorney's fees and costs. Id. at 275-76.
In the case before us, because the court determined entitlement to attorney's fees on August 10, 2004, the general magistrate should have calculated the interest on the attorney's fees from that date instead of the date the jury rendered its verdict on coverage in September of 1999. Therefore, the general magistrate's calculation of interest on the attorney's fees was incorrect.
We agree with Cincinnati Equitable and Amedex that the general magistrate erroneously assessed attorney's fees for time spent determining the amount of fees. Although the court may award attorney's fees for litigating the issue of entitlement to attorney's fees, the court may not award attorney's fees for time spent litigating the amount of attorney's fees. See State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830, 833 (Fla.1993). Because the court's determination that the fee should not have been limited to $8,000.00 results in time spent litigating the amount of attorney's fees, the general magistrate should not have included the 8.1 hours in its calculation.
We find no error in the trial court's denial of Cincinnati Equitable's and Amedex's motion to dismiss for failure to prosecute. The court properly denied the motion because Hawit had requested the court take action, either by way of entering a final judgment or ordering a hearing. *1236 In Lukowsky v. Hauser & Metsch, P.A., 677 So.2d 1383 (Fla. 3d DCA 1996), this Court held that:
[W]henever a dispositive motion is pending before the court, and the parties are awaiting the court's ruling on that motion, the duty to proceed rests squarely upon the court. During that period of the court's deliberation, the cause cannot be dismissed for lack of record activity.

(emphasis added). Furthermore, while the preparation of documents rests within the responsibility of the parties to a suit, it is the duty of the court to enter a judgment on a verdict, and there is no other entity that can exercise that power. See Carlson v. Jeflis Prop. Mgmt. Corp., 904 So.2d 642, 645 (Fla. 2d DCA 2005).
Therefore, once parties to a suit have fulfilled their duties, it is the court's responsibility to proceed. Although there was no record activity on the docket, Hawit requested the court take some action either by entry of a final judgment or by setting a hearing on the issue of attorney's fees and costs. Consequently, once she made her request, the court had the responsibility to act upon the request, and its denial of Cincinnati Equitable's and Amedex's Motion to Dismiss for Lack of Prosecution was proper.
Affirmed in part, reversed in part and remanded to recalculate the amount of attorney's fees and the interest on these fees.