GROSS, J.
After a final money judgment was entered, the circuit court dismissed this case for failure to prosecute under Florida Rule of Civil Procedure 1.420(e). We reverse, holding that the rule does not apply after the entry of a final judgment for money damages and that the exception created by the Florida Supreme Court for mortgage foreclosure actions does not apply to this case.
Park Finance of Broward, Inc., filed a complaint seeking to recover the $22,906.65 balance on a car loan after repossessing the vehicle. A default judgment was entered against the defendants for $23,782.65, plus prejudgment interest of $1,374.49. In March 2006, the trial court granted Park Finance’s ex-parte motion to compel discovery. In April 2006, Park Finance filed a motion for contempt.
*618 Nothing further happened in the case until January 2010, when the trial court sua sponte filed a Motion, Notice and Order of Dismissal pursuant to Florida Rule of Civil Procedure 1.420(e); the filing stated that that there had been no record activity within the past ten months and indicated that the ease would be dismissed for lack of prosecution if there was no activity within 60 days, or no stay was granted, or no good cause was shown for why the action should remain pending.
Park Finance filed a timely “Proffer of Good Cause” in which it informed the trial court that a default final judgment had been entered against Jones, so that any delay and inactivity had occurred during post-judgment collections. As a result, it argued that rule 1.420(e) did not apply, even though its motion for contempt had not been ruled on for almost four years. The trial court dismissed the case.
We agree with Park Finance that the trial court erred when it applied rule 1.420(e) to a non-mortgage foreclosure civil case in which a final judgment had been entered.
The purpose of rule 1.420(e) is to move a “case forward toward a conclusion on the merits or to hasten the suit to judgment.” Barnett Bank of E. Polk County v. Fleming, 508 So.2d 718, 720 (Fla.1987). In adopting rule 1.420(e), the Supreme Court was
confronted with balancing two important but often competing policies and concerns in supervising the orderly and fair resolution of civil litigation: one, to see that legitimate disputes are fairly resolved in the courts on the merits, and the other, to identify cases that are not being properly prosecuted and whose presence in the system may hinder the courts in processing other cases on the merits.
Wilson v. Salamon, 923 So.2d 363, 367 (Fla.2005). The rule helps to identify those cases that are “without merit or cases that are filed and then abandoned in the system.” Id. at 368. Such cases impair the ability of courts to enter final judgments in meritorious cases. Id. The purpose of the rule is to move a case along towards a decision on the merits.
Because of this focus on securing a final judgment as Ravel v. Ravel, 326 So.2d 223 (Fla. 2d DCA 1976), recognized, the purpose behind rule 1.420(e) is not implicated once a final judgment has been entered. In that case, the second district refused to apply the rule after final judgment; the court reasoned that a “contrary construction of the rule would appear to have the practical effect of nullifying an otherwise valid judgment.” Id. at 224. In Multicon Construction Corp. v. E.C. Stokes Mechanical Contractors, Inc., 449 So.2d 424, 425 (Fla. 4th DCA 1984), we acknowledged the rule of Ravel, but refused to extend it to a situation involving a partial summary judgment on a single issue in a case.
The Supreme Court later disapproved of Ravel, but only to the extent that the case would “prohibit application of rule 1.420(e) to mortgage foreclosure actions.” Frohman v. Bar-Or, 660 So.2d 633, 637 (Fla.1995).[1] The Court treated mortgage foreclosure actions differently from typical civil actions because foreclosures “may involve two distinct but related proceedings that can result in more than one final judgment or order.” Carlson v. Jeflis Prop. Mgmt. Corp., 904 So.2d 642, 645 *619 (Fla. 2d DCA 2005). In Frohman, the Court imposed conditions precedent to the application of rule 1.420(e) out of an apparent “concern that without these conditions, the application of the rule could nullify an otherwise valid foreclosure judgment.” Carlson, 904 So.2d at 646.
In the typical civil action where a final judgment for money damages has been entered, application of rule 1.420(e) would have the effect of nullifying an otherwise valid judgment. The entry of a final judgment triggers a number of rights for the judgment holder. Pursuant to rule 1.550(a), “[ejxecutions on judgments shall issue during the life of the judgment on the oral request of the party entitled to it or that party’s attorney without prae-cipe.”[2] An execution is “valid and effective during the life of the judgment or decree on which it is issued.” § 56.021, Fla. Stat. (2009). An execution is thus “subject to the time limit of section 55.081,” Florida Statutes (2009) and may issue during the 20 year life of the underlying judgment. Burshan v. Nat’l Union Fire Ins. Co., 805 So.2d 835, 839 (Fla. 4th DCA 2001). Similarly, pursuant to section 55.10, Florida Statutes (2009), a judgment becomes a lien on real property in any county where it is properly recorded for an initial period of 10 years, with the possibility of it being extended for up to 10 years. The controlling statutes thus contemplate a 20 year span when a final judgment may be enforced, recognizing that a decision on the merits without financial recovery is a hollow victory. To apply rule 1.420(e) to create a post-judgment procedural trap would weaken the force of a final money judgment that is contemplated by sections 56.021, 55.081, and 55.10. A case such as this one is not the type of case that the rule was designed to weed out — one without merit or one that was filed and then abandoned in the system without the entry of a final judgment on the merits.
We therefore reverse the dismissal under rule 1.420(e) and remand the case to the circuit court.
HAZOURI and CIKLIN, JJ„ concur.

. Prior to the Supreme Court’s decision in Frohman, we held that Ravel did not apply to post judgment proceedings in mortgage foreclosure actions where the plaintiff sought to recover a deficiency decree. Fin. Sec. Sav. & Loan Ass’n v. España River P'ship, 537 So.2d 683 (Fla. 4th DCA 1989); Frohman v. Bar-Or, 637 So.2d 369 (Fla. 4th DCA 1994), approved, 660 So.2d 633 (Fla.1995).

. Rule 1.560 allows a judgment creditor or the successor in interest to obtain discovery in aid of execution and rule 1.570(a) provides for final process to enforce a money judgment. Neither rule imposes a time limit on the judgment creditor.