# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-2001
LT Case No. 2021-CA-000009

_____

DORIS SHEPPARD,

     Appellant,

     v.

BRUCE BARMAN and MAUREEN
BARMAN,

     Appellees.

_____

On appeal from the Circuit Court for Citrus County.
Caroline A. Falvey, Judge.

Philip D. Wayne, of Dewitt Law Firm, P.A., Orlando, for
Appellant.

Elizabeth A. Buchwalter and Chandra L. Miller, of Thompson
Miller, P.A., St. Petersburg, for Appellees.

December 19, 2025

PER CURIAM.

     AFFIRMED.

EISNAUGLE and KILBANE, JJ., concur.
EDWARDS, J., concurs specially, with opinion.

EDWARDS, J., concurring specially.

I concur in the decision to affirm the trial court's detailed, well-reasoned order denying rehearing and the initial order dismissing Appellant's personal injury case for failure to prosecute. The dismissal was pursuant to Florida Rule of Civil Procedure 1.420(e), which the trial court discussed, relied on, and found created a bright line for how to proceed, with no room within which to exercise discretion. Appellant's counsel failed to follow the clear mandates of that rule.[1]

---

[1] Florida Rule of Civil Procedure 1.420(e) effective January 1, 2006, provides as follows:

(e) **Failure to Prosecute.** In all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months, and no order staying the action has been issued nor stipulation for stay approved by the court, any interested person, whether a party to the action or not, the court, or the clerk of the court may serve notice to all parties that no such activity has occurred. If no such record activity has occurred within the 10 months immediately preceding the service of such notice, and no record activity occurs within the 60 days immediately following the service of such notice, and if no stay was issued or approved prior to the expiration of such 60-day period, the action shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.

In summary, there had been no record activity in the case during the ten months preceding the court's serving notice of intent to dismiss for failure to prosecute, there was no record activity in the sixty days following the notice of intent, and Appellant's counsel failed to make any effort to show good cause at least five days prior to the hearing as to why the case should remain pending. Applying Rule 1.420(e) literally, according to its clear language, the trial court correctly dismissed the case, even though the statute of limitations had likely run. As the trial court noted, the rule provides that the case *shall be dismissed* if there was no record activity and no showing of good cause.

However, as simple as it seems to apply that rule, there is an unbroken chain of cases, mostly decided prior to adoption of the current version of Rule 1.420(e), which provide that once a party has filed a notice for trial in accordance with Rule 1.440 and the court takes no steps towards setting trial, the case cannot be dismissed for lack of prosecution. There is no language in the prior or current version of Rule 1.420(e) incorporating or discussing this long-recognized concept of immunity from dismissal based on having properly noticed the case for trial.

Appellant relies heavily on *Mikos v. Sarasota Cattle Co.*, 453 So. 2d 402 (Fla. 1984), in which the Florida Supreme Court approved of the lower court's decision that held that once a plaintiff has given notice that it is ready for trial, the trial court must enter an order fixing a date for trial and is therefore precluded from dismissing the action for lack of prosecution even if the plaintiff fails to take any further action. *Id.* at 403, *receded from in part by Fishe & Kleeman, Inc. v. Aquarius Condo. Ass'n*, 524 So. 2d 1012, 1012–13 (Fla. 1988) (holding that "the bar against dismissal terminates after the trial court has taken action in response to the notice for trial"); *see also Cabrera v. Pazos, Larrinaga & Taylor, P.A.*, 922 So. 2d 422, 424 (Fla. 2d DCA 2006); *Howland Feed Mill, Inc. v. Hart*, 774 So. 2d 962 (Fla. 1st DCA 2001).

Once a party files a proper Rule 1.440(b) notice that a matter is ready for trial, it is the court's duty to set the cause for trial.[2]

---

[2] A notice for trial will not protect the plaintiff from dismissal if the case is not "at issue" when the notice is filed. *Gen. Guar. Ins.*

*See Young v. Mobile Dental Health, Inc.*, 730 So. 2d 766, 766 (Fla. 2d DCA 1999) ("[I]t is the trial court's responsibility to enter an order setting a date for trial, and it is the filing of the notice which bars the court from dismissing the action for lack of prosecution."). Failure of the trial court to set the case for trial precludes dismissal for failure to prosecute despite the lack of record activity. *Reyes v. Reeves Se. Corp.*, 895 So. 2d 1274, 1274–75 (Fla. 2d DCA 2005) (noting that once a party files a proper Rule 1.440(b) notice, a matter is ready for trial, and it is the court's duty to set the cause for trial).

Furthermore, parties are not required to re-notice the case for trial or remind the court of the pending notice if the court failed to act on the notice and no order setting the trial date was entered. *See Bolt v. Smith*, 594 So. 2d 864, 864 (Fla. 5th DCA 1992) (finding that the plaintiff did not have a duty to re-notice the case for trial); *see also Fishe & Kleeman, Inc.*, 524 So. 2d at 1015 (noting that an attorney should not pressure a trial judge).

Appellees and the trial court ignore the fact that while *Mikos* and most of its progenies were decided prior to enactment of the current version of Rule 1.420(e), there is every reason to believe they are still good law as they were not based on language of the prior version of the rule, and nothing in the current version of the rule addresses this issue. None of those cases have been overturned or receded from, despite the amendment. *See Reyes*, 895 So. 2d at 1274; *Citimortgage, Inc. v. Hill*, 140 So. 3d 703, 704–05 (Fla. 1st DCA 2014); *Chemrock Corp. v. Tampa Elec. Co.*, 71 So. 3d 786, 793–94 (Fla. 2011) (Pariente, J., concurring) (discussing Rule 1.440); *Cabrera*, 922 So. 2d at 424 ("Failure of the trial court to set the case for trial precludes dismissal for failure to prosecute . . . ."). Appellees cite no case law to support their proposition that a trial court can dismiss a case for want of prosecution, where a notice for trial has been filed, although not yet acted on, under Rule 1.420(e).

---

*Co. v. Bolivar*, 460 So. 2d 1011, 1012 (Fla. 2d DCA 1984). The case at hand was clearly at issue here as there was a complaint and an answer in response.

4

While Rule 1.420 can be interpreted as creating a bright line rule requiring mandatory dismissal, one can certainly argue forcefully that the line of cases providing immunity from dismissal for lack of prosecution remains viable. "Where a court encounters an express holding from [the Florida Supreme Court] on a specific issue and a subsequent contrary dicta statement on the same specific issue, the court is to apply our express holding . . . ." *Puryear v. State*, 810 So. 2d 901, 905 (Fla. 2002). The district court may certify a question of great public importance where it perceives "disharmony" caused by a decision of the Florida Supreme Court. *Id.* at 905–06.

The language change in the amended rule plays no role here as neither this Court nor the Florida Supreme Court intentionally overrules itself sub silentio. *Campbell v. State*, 288 So. 3d 739, 743–44 (Fla. 5th DCA 2019) (citing *Puryear*, 810 So. 2d at 905); *see also Stevens v. State*, 226 So. 3d 787, 792 (Fla. 2017) ("Again, we reiterate that 'this Court does not intentionally overrule itself sub silentio.'" (quoting *Puryear*, 810 So. 2d at 905)). Thus, despite the mandatory language in Rule 1.420 otherwise requiring dismissal, given that Appellant filed a notice for trial and the trial court did not set the case for trial, one could conclude that application of the unbroken line of cases, barred the trial court from dismissing Appellant's case for lack of prosecution.

It is difficult to understand why Appellant's counsel failed to engage in any record activity in the sixty-day period after the court served its notice of intent to dismiss for lack of prosecution.[3] It's even more difficult to understand why Appellant's counsel failed to file a written showing of good cause, i.e., having noticed the case for trial, at least five days prior to the hearing. However, it is likewise difficult to understand the value in permitting confusion and tension to remain between Rule 1.420(e) and the immunity from dismissal afforded by noticing a case for trial as enshrined in case law. Eliminating this confusion would benefit the bench, bar, and the litigants they serve.

---

[3] As the trial court noted in its order of dismissal, filing almost anything in that sixty-day period would have avoided dismissal.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____