621 So.2d 717 (1993)
Manfred BREMSHEY, Appellant,
v.
Lawrence A. MORRISON and Ellen F. Morrison, his wife; Robert G. Ferretti and Anna E. Ferretti, his wife; Patrick M. Crowley and Joan F. Crowley, his wife; and Pebble Beach Village Home-Owners Associates, a Florida Corporation, Not for Profit, Appellees.
No. 92-2207.
District Court of Appeal of Florida, Fifth District.
May 21, 1993.
Rehearing Denied July 30, 1993.
B. Paul Katz, Chiumento & Katz, P.A., Palm Coast, for appellant.
Dennis K. Bayer, Cobb, Cole & Bell, Daytona Beach, for appellees.
DIAMANTIS, Judge.
Appellant appeals the trial court's judgment awarding attorney's fees to appellees pursuant to section 57.105, Florida Statutes (1989), and awarding prejudgment interest on such fees. We affirm the award of attorney's fees but reverse the award of prejudgment interest.
In its judgment, the trial court determined that appellant's defenses failed to raise a justiciable issue of law or fact and, thus, that appellees were entitled to recover attorney's fees from appellant under section 57.105. The trial court's judgment also set the amount of the attorney's fees and awarded prejudgment interest on this amount.
*718 When a court makes a determination which triggers a party's entitlement to an award of attorney's fees, the date of this determination fixes the date for awarding prejudgment interest on previously incurred attorney's fees, even though the actual amount of the award has not yet been determined. Mason v. Reiter, 564 So.2d 142 (Fla. 3d DCA 1990); Inacio v. State Farm Fire & Casualty Co., 550 So.2d 92 (Fla. 1st DCA 1989). In the instant case, appellees' entitlement to an award of attorney's fees was determined when the trial court found in its final judgment that appellant's defenses failed to raise a justiciable issue of law or fact. In the same judgment, the trial court also established the amount of the award of attorney's fees. Because the trial court's judgment had the effect of simultaneously determining appellant's liability for, and setting the amount of, attorney's fees, the trial court erred in awarding prejudgment interest in this case. Accordingly, we reverse the award of prejudgment interest and strike such award from the final judgment.
AFFIRMED in part and REVERSED in part.
SHARP and GRIFFIN, JJ., concur.