670 So.2d 929 (1996)
QUALITY ENGINEERED INSTALLATION, INC., Petitioner/Cross-Respondent,
v.
HIGLEY SOUTH, INC., Reliance Construction Company, d/b/a Higley-Reliance, and the Federal Insurance Company, Respondents/Cross-Petitioners.
No. 83468.
Supreme Court of Florida.
March 28, 1996.
Leon A. Williamson, Jr., Tampa, for Petitioner/Cross-Respondent.
Hala A. Sandridge of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for Respondents/Cross-Petitioners.
WELLS, Justice.
We have for review Higley South, Inc. v. Quality Engineered Installation, Inc., 632 So.2d 615 (Fla. 2d DCA 1994), which expressly and directly conflicts with the opinions of the First, Third, and Fifth Districts in Inacio v. State Farm Fire & Casualty Co., 550 So.2d 92 (Fla. 1st DCA 1989), Mason v. Reiter, 564 So.2d 142 (Fla. 3d DCA 1990), Bremshey v. Morrison, 621 So.2d 717 (Fla. 5th DCA 1993), and Visoly v. Security Pacific Credit Corp., 625 So.2d 1276 (Fla. 3d DCA 1993), review denied, 637 So.2d 239 (Fla. 1994). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Respondent/cross-petitioner Higley South, Inc. (Higley) was the contractor for a condominium project known as the Promenade. One of the subcontractors for the job was petitioner/cross-respondent Quality Engineered Installation, Inc. (Quality). The owner terminated both Higley and Quality, finishing with another contractor. At the time the project was terminated, Higley owed Quality approximately $160,000 to $170,000 for previously completed work.
Quality filed suit against Higley and its surety, Federal Insurance Company, for the amount owed. Following prolonged litigation including appeals on several issues, Quality prevailed by receiving an arbitration award. Thereafter, the case proceeded to the trial court for a determination of the amount of attorney fees to which Quality was entitled. The trial court made an award of attorney fees and included prejudgment interest on the entire fee award.
On appeal, the district court reversed the award of prejudgment interest on the entire fee award. Noting that prejudgment interest is awarded to compensate a party for out-of-pocket pecuniary damages suffered at a fixed date, the district court ruled that attorney fees are litigation costs, not liquidated damages. The district court declined to address the legality of postjudgment interest on that prejudgment interest, reasoning that the complaint was moot since the prejudgment interest award was reversed but indicated that it believed it was error to award interest upon sums that are interest.
We accepted jurisdiction in this case to resolve the conflict between the decision in this case by the district court denying prejudgment interest on the award for attorney fees, relying upon Temple v. Temple, 539 So.2d 564 (Fla. 4th DCA 1989), and decisions of the First, Third, and Fifth Districts granting prejudgment interest on awards of attorney fees. Visoly v. Security Pacific Credit Corp., 625 So.2d 1276 (Fla. 3d DCA 1993); Bremshey v. Morrison, 621 So.2d 717 (Fla. 5th DCA 1993); Mason v. Reiter, 564 So.2d 142 (Fla. 3d DCA 1990); Inacio v. State Farm Fire & Casualty Co., 550 So.2d 92 (Fla. 1st DCA 1989).
The rationale of the district court in this case and of the Fourth District in Temple is that attorney fees are litigation costs, not damages, and therefore should not be the subject of an assessment of interest. The rationale of the First District in allowing interest is partly based upon this Court's decision in Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985), and partly upon the unfairness which results to a party entitled to the payment of attorney fees when the party who owes the attorney fees withholds payment. The First District stated:
For us to rule to the contrary would be to penalize the prevailing party, Inacio, for State Farm's delay in paying the attorney's fees found due after their concession of liability upon settlement of the underlying claims; it would reward State Farm for continuing to contest Inacio's reimbursement of attorney's fees by allowing State Farm interest-free use of the money for more than a year. Such a result would be inconsistent with the intent and purpose of statutory provisions allowing attorney's fees to the prevailing party.
Inacio, 550 So.2d at 97-98.
The First, Third, and Fifth District Courts have held that interest accrues from the date *931 the entitlement to attorney fees is fixed through agreement, arbitration award, or court determination, even though the amount of the award has not yet been determined. Visoly, 625 So.2d at 1276; Bremshey, 621 So.2d at 718; Inacio, 550 So.2d at 97. We agree with the First, Third, and Fifth District Courts.
We reach this conclusion on the basis that the burden of nonpayment is fairly placed on the party whose obligation to pay attorney fees has been fixed. Using the date of the entitlement as the date of accrual serves as a deterrent to delay by the party who owes the attorney fees and is appropriate in conjunction with our decision that attorney fees are not to be assessed for litigating the amount of an attorney-fee award. State Farm Fire & Casualty Co. v. Palma, 629 So.2d 830 (Fla.1993). The party who owes the fees can be protected against delay in determining the amount of fees and further accrual of interest through a tender of payment. We hold that interest ceases to accrue on amounts of attorney fees up to the amount for which an actual tender of payment is made.[1]
Therefore, we quash the decision of the district court in respect to prejudgment interest on attorney fees. We resolve the conflict among the district courts by rejecting the decision in Temple from the Fourth District and approving Inacio, Mason, Bremshey, and Visoly from the First, Third, and Fifth Districts.
Having determined that prejudgment interest is to be awarded on attorney fees on the basis set forth in this opinion, we believe it to be necessary to resolve the conflict between the Fifth District's decisions in Peavy v. Dyer, 605 So.2d 1330 (Fla. 5th DCA 1992), and Indian River Colony Club, Inc. v. Schopke Construction & Engineering, Inc., 619 So.2d 6 (Fla. 5th DCA 1993), and the decisions of the other district courts in LaFaye v. Presser, 554 So.2d 610 (Fla. 1st DCA 1989), Perez Sandoval v. Banco de Commercio, S.A., C.A., 582 So.2d 179 (Fla. 3d DCA 1991), and Central Constructors, Inc. v. Spectrum Contracting Co., 621 So.2d 526 (Fla. 4th DCA 1993), because the Second District in this case indicated that it was correct not to award interest upon interest. We read this to be an indication that the Second District would follow LaFaye, Perez Sandoval, and Central Constructors and decline to merge the prejudgment interest which has accrued on the attorney fees as to a single sum in the final judgment. The Fifth District's decisions approve including prejudgment amounts in a merged total, with postjudgment interest then accruing on the merged total.
We agree with the Fifth District in Peavy that prejudgment interest becomes part of a single total sum adjudged to be due and owing. The amount awarded for prejudgment interest, like all other components of the "judgment," automatically bears interest as provided by section 55.03, Florida Statutes (1993). We therefore approve Peavy and disapprove the decisions in LaFaye, Perez Sandoval, and Central Constructors, which are inconsistent with this opinion.
We quash the district court's decision on the prejudgment interest issue and remand for further proceedings in accord with our decision in respect to prejudgment interest issues and in accord with the district court's decision on all other issues.
It is so ordered.
SHAW, KOGAN and HARDING, JJ., concur.
OVERTON, J., dissents with an opinion, in which GRIMES, C.J., and ANSTEAD, J., concur.
OVERTON, Justice, dissenting.
The logic and reasonableness of this decision escapes me. The majority decision allows the accrual of interest at an annual rate of 12%, over a period of greater than three years, to an attorney fee entitlement authorized *932 on October 10, 1988, but not numerically determined by a final judgment until December 10, 1991, a delay of over three years. There is no practical way the parties obligated to pay this fee could avoid the payment of interest. We now know, since the final judgment was entered on December 10, 1991, that Quality Engineered Installation, Inc. (Quality) was entitled to attorney fees of $103,922 on October 10, 1988. Under the majority's approach, Higley South, Inc., Reliance Construction Company, and The Federal Insurance Company are liable for a total aggregate interest of 38.6% or $40,113 which accrued on an amount that they could not have determined prior to the trial court hearing on December 10, 1991.
This case illustrates why litigants are trying to find ways of resolving their disputes outside the court system. In the underlying suit, an arbitrator awarded Quality $83,000. The total attorney fees Quality will recover for pursuing this claim are $144,035. In fact, the trial judge would have awarded attorney fees of $319,528.
I find no justifiable or logical reason for the assessment of interest on the amount of attorney fees prior to the time the exact amount of those fees are set by a final judgment without, at a minimum, a showing of intentional delay by the adversarial counsel.
GRIMES, C.J., and ANSTEAD, J., concur.
NOTES
[1] For example, if the party owing the fees believes reasonable fees to be $10,000 and the party entitled to the fees demands $15,000, the party owing the fees can stop interest accruing on the $10,000 by tendering payment of the $10,000. From the date of the tender of the $10,000, interest would accrue only on the amount more than $10,000 that was later determined to be the amount of fees to which the prevailing party was entitled.