965 So.2d 1189 (2007)
WESTPORT RECOVERY CORP., Appellant,
v.
Orlando BATISTA, a/k/a Orlando Batista, Jr., Appellee.
No. 3D05-1879.
District Court of Appeal of Florida, Third District.
September 12, 2007.
*1190 Friedman & Greenberg and Debra L. Greenberg, Plantation, for appellant.
Carlos Marin, for appellee.
Before SHEPHERD, CORTIÑAS, and ROTHENBERG, JJ.
SHEPHERD, J.
Westport Recovery Corporation, as successor to First Union National Bank of Florida, appeals an order denying its motion to stay satisfaction of a writ of execution. Pursuant to section 56.021 of the Florida Statutes (2005), the sheriff may satisfy a properly issued writ of execution during its lifetime only upon it being "fully paid." Westport asserts that the writ has not been "fully paid," and therefore is not subject to satisfaction because the sheriff failed to honor Westport's request and direction to collect post-judgment interest on the pre-judgment interest awarded by the final summary judgment underlying the issuance of the writ. We agree and reverse the order on appeal.
The judgment in this case was entered in favor of First Union National Bank of Florida on March 11, 1996. It states, in pertinent part:
Final Summary Judgment is hereby entered in favor of plaintiff, First Union National Bank of Florida . . ., and against defendant(s), Orlando Batista . . . [in] the principal sum of $18,978.74, court costs in the amount of $201.00, attorneys' fees in the amount of $1500, for a subtotal of $20,679.74, that shall bear interest at the rate of ten (10%) percent per year, and in addition prejudgment interest of $10,799.28, for all of the above let execution, issue.
Consistent with forms in use at the time, and our decision in Perez Sandoval v. Banco Commercio, S.A., C.A., 582 So.2d 179, 179 (Fla. 3d DCA 1991), disapproved of by Quality Engineered Installation, Inc. v. Higley S., Inc., 670 So.2d 929, 931 (Fla. 1996), the final summary judgment failed to state that post-judgment interest also should be awarded on the pre-judgment interest award in the judgment. On March 28, 1996, the Florida Supreme Court, resolving a conflict among the districts on the subject, disapproved Perez Sandoval. See Quality Engineered, 670 So.2d at 931. According to the Quality Engineered court, an award of prejudgment interest merges into and "becomes part of a single total sum adjudged to be due and owing." Id. As such, our supreme court held that, "The amount awarded for prejudgment interest, like all other components of the `judgment,' automatically bears interest as provided by section 55.03, Florida Statutes. . . ." Id. (emphasis added). Although the levy in this case was sought by Westport in November 2004, the sheriff apparently decided to follow what he considered to be a near literal reading of the terms of the March 1996 summary final judgment.
Upon review, we conclude the sheriff erred in calculating the amount of the *1191 levy. We also are satisfied that the rule of Quality Engineered applies retroactively. See State, Dep't of Labor & Employ. Sec. v. McGrath, 774 So.2d 791, 792 (Fla. 1st DCA 2000).
Accordingly, we reverse the order on appeal and remand the cause for proceedings consistent with this opinion.