PER CURIAM.
The appellant challenges the trial court’s order imposing sanctions against him pursuant to section 57.105, Florida Statutes (2011). We affirm the trial court’s award of attorney’s fees without discussion. We, however, reverse the trial court’s award of costs. An award of costs is not authorized under section 57.105. See Ferdie v. Isaacson, 8 So.3d 1246, 1251 (Fla. 4th DCA 2009) (explaining that section 57.105 allows for an award of reasonable attorney’s fees to the prevailing party, but makes no mention of costs).
Our colleague concludes that we should remand to the trial court to have the attorney’s fees split between the appellant and his counsel. However, the appellant’s entire argument in his brief is that the fees should be borne by his counsel and none by the appellant. The only portion of the appellant’s brief that can be interpreted as raising the issue that the attorney’s fees *171 should be split is in the “Summary of the Argument” section of the initial brief on the bottom of page 13, to wit:
Second, the probate court erred in awarding sanctions against Appellant alone, without apportioning any liability to appellant’s counsel, where Appellee failed to establish that Appellant misrepresented material facts to the probate court.
There are no cases or statutes cited in support of this, and the appellant in the “Argument” section of the brief solely pursued the theory that the appellant was not responsible for any of the attorney’s fees. This is exactly the type of single-sentence, non-supported, and non-elaborated “argument” that this Court refused to consider in Henderson v. State, 569 So.2d 925, 927 (Fla. 1st DCA 1990), and we shall not consider it here.
AFFIRMED IN PART and REVERSED IN PART.
PADOVANO and ROBERTS, JJ., concur;
BENTON, J., concurs in part and dissents in part with opinion.