# Third District Court of Appeal

## State of Florida

Opinion filed February 3, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D12-3039
Lower Tribunal No. 10-2595
_____

## Diane N. Wells and Thomas O. Wells,
Petitioners,

vs.

## Halmac Development, Inc., and Hector Castro,
Respondents.

A Case of Original Jurisdiction—Mandamus.

Wells & Wells, P.A., and Diane Noller Wells, for petitioners.

Siegfried, Rivera, Hyman, Lerner, De la Torre, Mars & Sobel and Stuart Sobel, for respondents.

Before SUAREZ, C.J., and WELLS and LAGOA, JJ.

ON MOTION FOR REVIEW

LAGOA, J.

Pursuant to Florida Rule of Appellate Procedure 9.400(c), Diane N. Wells and Thomas O. Wells (collectively "Petitioners") seek review of the trial court's Final Judgment Awarding Appellate Attorneys' Fees rendered on December 10, 2014 (the "Appellate Fee Judgment"). Petitioners' motion asserts that the Appellate Fee Judgment fails to take account of prejudgment interest on the $36,000 amount of appellate attorneys' fees awarded to Petitioners. We agree. Because the trial court failed to follow applicable law in not including prejudgment interest in Petitioners' attorneys' fees award, we grant prejudgment interest to Petitioners as of December 10, 2014, together with post-judgment interest thereafter until paid in full.

On October 22, 2012, the trial court entered an order granting Respondent Hector Castros's ("Castro") Prevailing Party Motion, stating that "Hector Castro is the prevailing party as between Defendants, Diane N. Wells and Thomas O. Wells and Hector Castro" ("October 22 order"). The effect of the October 22 order was to overturn an arbitrator's determination that neither Wells nor Castro was the prevailing party. The Petitioners subsequently filed a Petition for Writ of Mandamus in this Court on November 20, 2012, and also filed a motion with this Court seeking appellate attorneys' fees pursuant to section 57.105, Florida Statutes (2013). On July 10, 2013, this Court granted the petition and motion, quashed the October 22 order finding Castro to be the prevailing party, and directed the trial

court to determine the amount of appellate attorneys' fees and costs due to Petitioners. In the Appellate Fee Judgment, the trial court awarded Petitioners $36,000 in appellate attorneys' fees and $1,409.77 in costs, totaling $44,609.77. The Petitioners filed a Motion to Alter or Amend the Appellate Fee Judgment (the "Rehearing Motion"), arguing that pursuant to the requirements of section 57.105, the trial court failed to include an award of prejudgment interest as part of the Petitioners' attorneys' fees award. The trial court denied Petitioners' motion.

Subsequently, Petitioners filed a Motion for Review of Trial Court Order on Remand Awarding Appellate Attorney's Fees and Costs, pursuant to Rule 9.400(c). Rule 9.400(c) states: "Review of orders rendered by the lower tribunal under this rule shall be by motion filed in the court within 30 days of rendition." Fla. R. App. P. 9.400(c).[1] Petitioners' motion asserts that the Appellate Fee Judgment fails to take account of prejudgment interest on the $36,000 amount of appellate attorneys' fees awarded to Petitioners. Petitioners ask this Court to award prejudgment interest from July 10, 2013, through December 10, 2014, and

---

[1] Although filed more than thirty days after rendition of the Appellate Fee Judgment, Petitioner's motion seeking review of the Appellate Fee Judgment is not untimely under Rule 9.400(c). Petitioner's timely Rehearing Motion is authorized to suspend rendition of the Appellate Fee Judgment "[b]ecause an order on appellate fees 'constitutes a final and distinct adjudication of rights which have not been adjudicated in the original final judgment.'" D'Alusio v. Gould & Lamb, LLC, 36 So. 3d 842, 845 (Fla. 2d DCA 2010) (quoting Clearwater Fed. Sav. & Loan Ass'n v. Sampson, 336 So. 2d 78, 79 (Fla. 1976)); see also Fla. R. App. P. 9.020(i).

3

to find that the amount of prejudgment interest accrues post-judgment interest from December 10, 2014, through the date paid.

Respondents first contend that Rule 9.400(c) is not the proper method for review of the underlying order. Specifically, Respondents state that because the underlying order was based on a motion for sanctions under section 57.105, it should be governed by Florida Rule of Appellate Procedure 9.410, and that Rule 9.410 does not provide for review, via motion, of orders rendered by the trial court. Respondents cite no case law to support their argument that this Court is without jurisdiction to consider Petitioner's motion for review. Indeed, both Eastern Industries, Inc. v. Florida Unemployment Appeals Commission, 960 So. 2d 900, 901 (Fla. 1st DCA 2007), and Bridgestone/Firestone, Inc. v. Herron, 828 So. 2d 414, 417-18 (Fla. 1st DCA 2002), make clear that claims for attorneys' fees as sanctions are not controlled exclusively by Rule 9.410, and that an appellate court's review of a trial court's assessment of attorneys' fees on remand is authorized by Rule 9.400(c). We therefore reject Respondents' jurisdictional argument and conclude that we have jurisdiction to consider Petitioners' motion.

Turning to the merits, Petitioners are correct that the trial court failed to follow applicable law by not including prejudgment interest in its award of $36,000 in attorneys' fees. "When calculating interest on attorney's fees, the interest on the award 'accrues from the date the entitlement to attorney fees is fixed

4

through agreement, arbitration award, or court determination, even though the amount of the award has not yet been determined.'" Cincinnati Equitable Ins. Co. v. Hawit, 933 So. 2d 1233, 1235 (Fla. 3d DCA 2006) (quoting Quality Engineered Installation, Inc. v. Higley S., Inc., 670 So. 2d 929, 930-31 (Fla. 1996)). Moreover, section 57.105(1) expressly awards prejudgment interest as part of its recovery: "Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party . . . ." Accordingly, we conclude that prejudgment interest is due to Petitioners on the award of $36,000 from the date this Court determined their entitlement to attorneys' fees (July 10, 2013) to the date the trial court rendered the Appellate Fee Judgment determining the exact amount due (December 10, 2014).

Finally, neither party contests that prejudgment interest, like all other sums awarded, merges into the final judgment and accrues post-judgment interest in accordance with section 55.03, Florida Statutes (2013). See Quality Engineered Installation, 670 So. 2d at 930; Westport Recovery Corp. v. Batista, 965 So. 2d 1189, 1190 (Fla. 3d DCA 2007). Therefore, because we find that prejudgment interest was not accounted for in the Appellate Fee Judgment, the total sum due was inaccurate, and thus the determined amount of post-judgment interest was insufficient. "The amount awarded for prejudgment interest, like all other

5

components of the 'judgment,' automatically bears interest as provided by section 55.03." Quality Engineered Installation, 670 So. 2d at 931.

Notably, on January 7, 2015, Respondents tendered payment to Petitioners in the amount of $44,783.93, which was for payment of the Appellate Fee Judgment ($44,609.77), plus post-judgment interest through January 9, 2015 ($174.16). The payment was an unconditional tender, without prejudice to Petitioners' then pending motion to alter the Appellate Fee Judgment.

Accordingly, we reverse and remand to the trial court to enter a new judgment consistent with this opinion, with post-judgment interest running from December 10, 2014 until paid in full. Any amount already tendered and actually paid by Respondents shall be credited against the final amount paid by Respondents to Petitioners.