IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

October 20, 2017

In re Estate of Paula X. Assimakopoulos,     )
deceased; and In re Trust Administration       )
of the Paula X. Assimakopoulos Trust           )
U/T/A 4/15/2008.                               )
                                               )
_____ )
                                               )
EVA LANA,                                      )
                                               )
                Appellant,                     )
                                               )
v.                                             )          Case No. 2D15-4205
                                               )
NICOLLE ASSIMAKOPOULOS-                        )
PANUTHOS, individually and as                  )
personal representative of the estate          )
and as cotrustee of the trust; GARY M.,        )
FERNALD, as curator of the estate;             )
ALEXANDER P. ALEXANDER; and                    )
PLATO J. ALEXANDER,                            )
                                               )
                Appellees.                     )
_____ )

BY ORDER OF THE COURT:

        The "Motion for Rehearing or in the alternative Motion for Clarification"

filed by Appellees Alexander P. Alexander and Plato J. Alexander is denied in all

respects.  The "Motion for Clarification and/or Rehearing and for Written Opinion and

Certification" filed by Appellant Eva Lana is granted to the extent that the prior opinion

dated June 23, 2017, is withdrawn, and the attached opinion is issued in its place.  No

further motions for rehearing will be entertained.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.

MARY ELIZABETH KUENZEL, CLERK

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

In re Estate of Paula X. Assimakopoulos,   )
deceased; and In re Trust Administration   )
of the Paula X. Assimakopoulos Trust   )
U/T/A 4/15/2008.   )
  )
—————————————————————— )
  )
EVA LANA,   )
  )
        Appellant,   )
  )
v.   )   Case No.     2D15-4205
  )
NICOLLE ASSIMAKOPOULOS-   )
PANUTHOS, individually and as   )
personal representative of the estate   )
and as cotrustee of the trust; GARY M.,   )
FERNALD, as curator of the estate;   )
ALEXANDER P. ALEXANDER; and   )
PLATO J. ALEXANDER,   )
  )
        Appellees.   )
—————————————————————— )

Opinion filed October 20, 2017.

Appeal from the Circuit Court for Pinellas
County; Jack St. Arnold, Judge.

Dineen Pashoukos Wasylik of DPW
Legal, Tampa, for Appellant.

George J. Felos of Felos & Felos,
Dunedin, for Appellees Alexander P.
Alexander and Plato J. Alexander.

Jeffrey A. Eisel and Hamden H. Baskin, III, of Baskin Fleece, Clearwater, for Appellee Nicolle Assimakopoulos-Panuthos.

No appearance for Gary M. Fernald.

VILLANTI, Judge.

In this probate proceeding, Eva Lana appeals the probate court's order awarding sanctions against her pursuant to section 57.105, Florida Statutes (2015), and two other judgments against her awarding expert witness fees to another party's attorney and to the curator of the estate. While Lana challenges the sanctions judgment on numerous grounds, we find merit only in her contention that that judgment improperly includes an award of expert witness fees. We also find merit in her contention that the expert witness fees awarded to the personal representative's attorney, Hamden Baskin, and to the court-appointed curator of the estate, Gary Fernald, were awarded in violation of due process. We therefore reverse the sanctions judgment in part and the judgments in favor of Baskin and Fernald in total. In all other respects, we affirm.

**Facts**

While a recitation of the long, contentious, and convoluted history of this case is unnecessary to our resolution of this case, some background is necessary to understand our ruling. The death of Paula X. Assimakopoulos ignited numerous disputes between her two daughters, Lana and Nicolle Assimakopoulos-Panuthos, and their uncle and cousin, Alexander P. Alexander and Plato J. Alexander. The first dispute centered on where Assimakopoulos's estate would be probated. Ultimately, after some not insignificant wrangling, Lana agreed that the Florida courts had

- 2 -

jurisdiction to probate the estate. Probate was opened in Pinellas County, Lana and Panuthos were appointed as co-personal representatives, and probate proceedings began. Later, after proceedings became bogged down due to disagreements between the co-personal representatives, Lana was removed as a co-personal representative, although she remained active in the case as a beneficiary.

As the family disputes continued three years after the estate was opened, Lana filed a petition to revoke probate, alleging that the documents initially used to establish Assimakopoulos's domicile in Florida were incomplete and falsely presented and that a full review of all of her documents and affairs would show that probate jurisdiction was properly in New York rather than Florida. In response to this petition, the Alexanders and Panuthos filed motions to dismiss, which were granted after an evidentiary hearing. Hence, the petition to revoke probate was denied.

Lana initially appealed the probate court's order denying her petition; however, shortly after the notice of appeal was filed in this court, Lana filed a motion asking this court to relinquish jurisdiction so that the probate court could entertain a motion to vacate the denial of the petition under Florida Rule of Civil Procedure 1.540. This court granted that motion and relinquished jurisdiction. Lana then filed her rule 1.540 motion, and the probate court held an evidentiary hearing on it. At the conclusion of the hearing, the probate court denied the motion.

Shortly thereafter, the Alexanders filed a motion for sanctions in the probate court under section 57.105(1) based on Lana's filing of the above rule 1.540 motion, which they asserted was not supported by either the facts or the law, and they noticed their motion for hearing. In preparation for the hearing on this motion, Lana

subpoenaed Baskin as the attorney for the personal representative, Fernald as the court-appointed curator of the estate, and her own former attorneys. In response to Lana's subpoena, Baskin filed a notice of intent to seek an expert witness fee, to which Lana objected. Baskin did not file a motion actually seeking a fee, and his "notice" was not set for hearing.

Despite having subpoenaed witnesses for the hearing on the Alexanders' sanctions motion, Lana did not appear for that hearing. However, since the hearing had been properly noticed, the probate court went forward, first taking testimony from George Felos, who was counsel for the Alexanders. The Alexanders also presented the testimony of expert fee witness Deborah Bushnell. When the Alexanders finished their presentation, the court asked Baskin whether he wanted to be heard. At that point, Baskin argued that he was entitled to an expert witness fee for his appearance that day, contending that the "only way" that he could have been subpoenaed was to present expert testimony on fees. The probate court then asked Fernald whether he had anything to add. Fernald then made an ore tenus "me too" motion for an award of an expert witness fee. The probate court subsequently granted the Alexanders' motion for sanctions, entered a sanctions judgment in their favor, and included an expert witness fee for Bushnell in that judgment. The probate court also entered separate judgments in favor of Baskin and Fernald for expert witness fees. Lana has appealed each of these judgments.[1]

---

[1]In her appeal, Lana also challenged numerous other rulings of the trial court related to the entry of the sanctions judgment against her. This court has carefully considered all of those arguments, and we reject them without discussion.

**Award of Expert Witness Fees to the Alexanders**

Lana argues first that the probate court's decision to include an expert witness fee for Bushnell in the sanctions judgment was improper because the plain language of section 57.105(1) does not authorize such an award. We agree.

Section 57.105(1) provides as follows:

> Upon the court's initiative or motion of any party, the court shall award <u>a reasonable attorney's fee</u>, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
>
> (a) Was not supported by the material facts necessary to establish the claim or defense; or
>
> (b) Would not be supported by the application of then-existing law to those material facts.

As is clear from the plain language of the statute, the sanction permitted is an award of attorney's fees only. Costs are not included. This is in contrast to the plain language of section 57.105(2), which provides for a sanction of "damages," measured as the "reasonable expenses incurred in obtaining the order," when the court finds that an action taken by the opposing party was taken primarily for the purpose of unreasonable delay. Under subsection (2), costs could be included as part of damages; however, this language is absent from subsection (1), which provides only for an award of attorney's fees.

And indeed, several courts, including this one, have specifically held that an award of sanctions under section 57.105(1) may not include costs. <u>See, e.g.</u>, <u>Heldt-</u>

Pope v. Thibault, 198 So. 3d 650, 652 (Fla. 2d DCA 2015) (affirming award of attorney's fees under section 57.105(1) but reversing the award of costs because "section 57.105(1) does not provide for the award of costs"); Siegel v. Rowe, 71 So. 3d 205, 210 n.2, 214 (Fla. 2d DCA 2011) (reversing cost award under section 57.105(1) against attorneys as unauthorized but affirming it against the party under section 57.041(1)); Jackmore v. Estate of Jackmore, 145 So. 3d 170, 170 (Fla. 1st DCA 2014) (reversing award of costs under section 57.105 because such an award "is not authorized"); Ferere v. Shure, 65 So. 3d 1141, 1145 (Fla. 4th DCA 2011) (stating that an award of costs is not permitted under section 57.105(1)); Santini v. Cleveland Clinic Fla., 65 So. 3d 22, 36 (Fla. 4th DCA 2011) (same); Ferdie v. Isaacson, 8 So. 3d 1246, 1251 (Fla. 4th DCA 2009) (same).  Hence, to the extent that the sanctions judgment against Lana includes an award of costs, it was patently improper.

And, as Lana properly points out, expert witness fees are taxed as costs. Section 92.231(2), Florida Statutes (2015), provides, in pertinent part:

> Any expert or skilled witness who shall have testified in any cause shall be allowed a witness fee including the cost of any exhibits used by such witness in an amount agreed to by the parties, and the same shall be taxed as costs.

(Emphasis added.)  Further, the Florida Supreme Court has specifically held that "expert witness fees . . . may be taxed as costs for a lawyer who testifies as an expert as to reasonable attorney's fees."  Travieso v. Travieso, 474 So. 2d 1184, 1186 (Fla. 1985) (second emphasis added).  Hence, the fee charged by a lawyer to appear as an expert witness is considered a cost, not an attorney's fee, and it is awardable only when costs are properly awarded.

Here again, as noted above, section 57.105(1) provides only for an award of attorney's fees—not costs. Therefore, the sanctions judgment awarding attorney's fees and costs to the Alexanders must be reversed to the extent that it purports to award $2770[2] in expert witness fees to Bushnell because that award constitutes an award of costs, which is impermissible under section 57.105(1).

In defense of the trial court's award, the Alexanders point to several cases in which it appears that an award of costs was affirmed under section 57.105. However, several of the cases to which they point do not clearly hold that costs are recoverable under section 57.105(1). For example, in Wells v. Halmac Development, Inc., 184 So. 3d 620, 622 (Fla. 3d DCA 2016), the issue on appeal was whether prejudgment interest should have been awarded on the attorney's fee award—not whether costs were properly awarded. While the attorney's fees had apparently been awarded under section 57.105, the opinion notes that $1409.77 in costs and $7200 in expert witness costs were also included in the judgment. Id. However, the discussion of the award under section 57.105(1) does not mention the costs or expert witness fees, and the party recovering the fees and costs was also the prevailing party in the appeal and so would have been entitled to an award of costs under section 57.041(1). Id. at 622-23.

---

[2]In paragraph 7(d) of the sanctions judgment, the trial court found that Bushnell had testified that her fee for services in this matter was $2700. However, in paragraph 20 of the sanctions judgment, the trial court ordered that the Alexanders were entitled to recover a "reasonable expert witness fee of $2,770." While the amount in paragraph 20 is supported by Bushnell's testimony at the sanctions hearing, the award of her expert witness fees—whether they be $2700 or $2770—is improper under section 57.105(1). No expert witness fee for Bushnell in any amount should be included in the corrected judgment entered on remand.

Therefore, it is not clear that the Wells decision truly stands for the proposition that costs are recoverable under section 57.105(1).

Similarly, in Indemnity Insurance Co. of North America v. Chambers, 732 So. 2d 1141, 1142 (Fla. 4th DCA 1999), the trial court granted defendant Tetra Pak's motion to dismiss and found that it was entitled to an award of "attorney's fees under section 57.105(1)." The trial court also awarded Tetra Pak its expert witness fees, but the basis for this award is not identified in the opinion. As in Wells, Tetra Pak was the prevailing party and would have been entitled to an award of costs under section 57.041(1). Thus, the court's opinion does not clearly affirm an award of costs under section 57.105(1).

Likewise, in Walker v. Cash Register Auto Insurance of Leon County, Inc., 946 So. 2d 66, 68-69 (Fla. 1st DCA 2006), the trial court awarded "costs and fees" under section 42 U.S.C. § 1988 and also granted "57.105 fees." The issue on appeal was whether the award was proper under section 57.105 when no twenty-one-day notice was given. Id. at 69. The First District first discussed the "award of section 57.105 fees." Id. at 70. It found that the award under section 57.105 was supported by the record, but the opinion did not specify whether it was an award of fees only or both fees and costs. Id. In its conclusion, the court reversed the "award of attorney's fees and costs under 42 U.S.C. § 1988" and affirmed "the award under section 57.105(1)." Id. at 72. Hence, it is not entirely clear from the text of the opinion whether any award of costs was actually made under 57.105(1).

Importantly, none of these nonbinding cases from our sister courts clearly award costs in violation of the plain language of section 57.105(1). Instead, it is unclear

in each case whether the costs were imposed under section 57.105(1) or on some other basis. Therefore, we do not believe that our ruling conflicts with the actual result in any of those cases.

However, two cases cited by the Alexanders do contain language that appears to affirm an award of costs under section 57.105(1). In Martin County Conservation Alliance v. Martin County, 73 So. 3d 856 (Fla. 1st DCA 2011), the appellate court dismissed an appeal and then, on its own initiative, awarded sanctions under section 57.105(1). While the decision repeatedly states that Martin County is entitled to recoup its attorneys' fees under section 57.105(1), see id. at 857, 858, at the end of the opinion, the court awards both attorneys' fees and costs under the authority of section 57.105(1), id. at 865. This award is at odds with the plain language of the statute as well as the First District's subsequent decision in Jackmore.

Likewise, in Smith v. Viragen, Inc., 902 So. 2d 187, 191 (Fla. 3d DCA 2005), the court affirmed an award of both attorney's fees and costs, noting that it need not distinguish between the amounts awarded under section 895.01, Florida Statutes, and section 57.105 "because the entire award could have been made pursuant to section 57.105 alone." As in Martin County, the award of costs on this basis conflicts with the plain language of section 57.105.

While we recognize the decisions in Martin County and Viragen, neither of these cases leads us to conclude that an award of costs is proper under section 57.105(1). Instead, we follow the plain language of section 57.105(1), as well as our own prior binding decisions in Heldt-Pope and Siegel, and hold that the award of expert witness fees as a cost under section 57.105(1) was improper. Accordingly, we reverse

the sanctions judgment in favor of the Alexanders to the extent that it awards expert witness fees as a cost.[3]  We also certify conflict with <u>Martin County</u> and <u>Viragen</u> on this point.

**Award of Expert Witness Fees to Baskin and Fernald**

Lana also argues that the probate court erred by awarding "expert witness fees" in separate judgments to both Baskin and Fernald in violation of due process.  We agree and reverse both of these judgments for several reasons.

First, entry of these judgments violated due process because neither Lana nor anyone else was notified that these claims would be considered at the sanctions hearing.  While it is true that Baskin filed a "notice of intent" to seek an expert witness fee under Florida Rule of Civil Procedure 1.390, that rule requires that all parties "be served with notice of any hearing to determine the fee."  It is undisputed that there was never any notice that Baskin's fee "notice" would be considered at the hearing on the Alexanders' motion for sanctions.  And when a court considers issues not noticed for hearing, the court denies the litigant due process, and any ensuing order or judgment

---

[3]In their motion for rehearing, the Alexanders urge this court to affirm the award of expert witness fees for Bushnell by applying the tipsy coachman doctrine to find that they were the prevailing parties in the proceedings below and thus entitled to an award of costs under section 57.041(1).  However, the Alexanders never sought an award of costs in the trial court under section 57.041(1), and the trial court made no factual finding that the Alexanders were the prevailing parties in these proceedings.  Hence, the tipsy coachman doctrine is unavailable in this instance to affirm the award of expert witness fees.  <u>See</u> <u>Robertson v. State</u>, 829 So. 2d 901, 906 (Fla. 2002) (holding that the tipsy coachman doctrine will permit the appellate court to affirm "if there is any theory or principle of law <u>in the record</u> which would support the ruling" (quoting <u>Dade Cty. Sch. Bd. v. Radio Station WQBA</u>, 731 So. 2d 638, 644 (Fla. 1999))); <u>see also</u> <u>Bueno v. Workman</u>, 20 So. 3d 993, 998 (Fla. 4th DCA 2009) ("[A]n appellate court cannot employ the tipsy coachman rule where a lower court has not made factual findings on an issue."); <u>Bryant v. Fla. Parole Comm'n</u>, 965 So. 2d 825, 825 (Fla. 1st DCA 2007) (same).

must be reversed.  See, e.g., Barile v. Gayheart, 80 So. 3d 1085, 1087 (Fla. 2d DCA 2012); Minda v. Ponce, 918 So. 2d 417, 421-22 (Fla. 2d DCA 2006) (holding that due process was violated when the court considered issues not noticed for hearing in addition to those issues that were properly noticed); Golden v. Bass, 194 So. 3d 1080, 1082 (Fla. 1st DCA 2016) (holding that a court violates due process when it considers issues not noticed for hearing).  For this reason alone, the probate court erred by hearing, considering, and disposing of Baskin's "notice of intent to seek expert witness fees," which had not been noticed or set for hearing.[4]

Likewise, the court's consideration of Fernald's ore tenus "me too" motion for an expert witness fee violates due process.  Not only was such motion not noticed for hearing, but it had not even been made before the hearing.  Entry of judgment on a motion never made, never served upon the opposing party, and never noticed for hearing patently violates due process.  See, e.g., Herman v. Herman, 565 So. 2d 835, 835 (Fla. 3d DCA 1990) ("Fundamental concepts of due process require a party seeking [affirmative relief] to file a written pleading and provide appropriate notice to all parties concerned."); Clearvalle, Inc. v. Cohen, 561 So. 2d 1354, 1354 (Fla. 4th DCA 1990) (holding that order granting an ore tenus, ex parte motion for default made with no prior notice to any party violated due process).  Hence, the judgment in favor of Fernald on this ore tenus, ex parte motion must too be reversed.

_____

[4]No such due process concerns affect the judgment on the Alexanders' sanctions motion, which was properly noticed for hearing.  Due process requires notice and an opportunity to be heard.  J.B. v. Fla. Dep't of Children & Family Servs., 768 So. 2d 1060, 1063 (Fla. 2000); Vollmer v. Key Dev. Props., Inc., 966 So. 2d 1022, 1027 (Fla. 2d DCA 2007).  A voluntary absence from a properly noticed hearing does not implicate due process.

- 11 -

Second, in addition to reversal on due process grounds, the judgments in favor of Baskin and Fernald must be reversed because rule 1.390—under which Baskin explicitly and Fernald implicitly proceeded—does not authorize an award of fees under the circumstances presented here. Rule 1.390 is entitled "Depositions of Expert Witnesses," and it provides for a fee to an expert witness whose deposition is taken. Neither Baskin nor Fernald were deposed. Therefore, neither was entitled to an expert witness fee under this rule.

In this appeal, Baskin argues for the first time that his judgment should be affirmed because he was entitled to the fee under section 92.231, Florida Statutes (2015). Notably, this was not the basis asserted for the award in Baskin's "notice of intent" to seek a fee, nor was it argued at the hearing. Further, section 92.231(2) permits an award of an expert witness fee only to an expert who "shall have testified in any cause," and it is undisputed that neither Baskin nor Fernald testified at the sanctions hearing. Therefore, even if section 92.231(2) had been raised as a basis for the award in the probate court, the court could not have properly awarded expert witness fees on that basis since the statutory prerequisites were not met. For this reason as well, the expert witness fee judgments in favor of Baskin and Fernald must be reversed.

**Conclusion**

In sum, the probate court erred by including Bushnell's expert witness fees as part of the sanctions judgment entered in favor of the Alexanders under section 57.105(1). To the extent that the final judgment on sanctions in favor of the Alexanders includes this award, it is reversed. The probate court also erred by awarding expert

witness fees to Baskin and Fernald in violation of due process and the rules of civil procedure and without any valid statutory basis for such an award.  Therefore, we reverse the judgments in favor of Baskin and Fernald in their entirety.  We also certify conflict with Martin County and Viragen to the extent that they appear to hold that costs may properly be awarded under section 57.105(1).

Affirmed in part, reversed in part, and conflict certified.


SLEET and SALARIO, JJ., Concur.