# Third District Court of Appeal

## State of Florida

Opinion filed July 14, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-0691
Lower Tribunal No. 17-1986
_____

## Law Offices of Alexander E. Borell, P.A.,
Appellant,

vs.

## In re: Jesus Cala Acevedo vs Herga Imperiod Noda, et al.,
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr and Daryl E. Trawick, Judges.

Law Office of Alexander E. Borell, P.A., and Alexander E. Borell and Vanessa Jaleh Bravo, for appellant.

The Law Offices of Mario G. Menocal, P.A., and Mario G. Menocal, for appellee Jesus Cala Acevedo.


Before SCALES, LINDSEY, and MILLER, JJ.

PER CURIAM.

The Law Offices of Alexander Borell ("Borell"), counsel for defendant below, Herga Noda, in an action brought by plaintiff below, Jesus Cala Acevedo, appeals one order granting Acevedo's motion for sanctions pursuant to section 57.105, a second order denying Borell's motion for relief from the sanctions award, and a third order awarding attorney's fees and costs.

"[T]he award of attorney's fees is a matter committed to sound judicial discretion which will not be disturbed on appeal, absent a showing of clear abuse of discretion." Lanson v. Reid, 314 So. 3d 385, 386 (Fla. 3d DCA 2020) (quotation omitted). "The trial court's finding must be based upon substantial competent evidence presented to the court at the hearing on attorney's fees or otherwise before the court and in the trial court record." Weatherby Assocs. Inc. v. Ballack, 783 So. 2d 1138, 1141 (Fla. 4th DCA 2001) (citation omitted); accord Lanson, 314 So. 3d at 387. "When there are issues of fact . . . [and] [w]ithout a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory." Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979).

We are constrained by the record before us. Borell has not provided a transcript of any of the hearings conducted in the trial court, and thus the

trial court's findings must be presumed correct.  See Lanson, 314 So. 3d at 388 n.4 (citing Applegate, 377 So. 2d at 1152).

As such, we can find no abuse of discretion by the lower court in awarding attorney's fees under section 57.105.  However, nothing in the text of section 57.105(1) provides for the award of costs.  See In re Estate of Assimakopoulos, 228 So. 3d 709, 713 (Fla. 2d DCA 2017) (collecting cases that reverse the award of costs under section 57.105(1)).  Accordingly, we reverse that portion of the order awarding costs.

Affirmed in part, reversed in part, and remanded with directions to strike the award of costs.