DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

In re Guardianship of Patricia A. McLain,
an incapacitated person.

JOHN H. MCLAIN, JR., as personal representative
of the Estate of Patricia McLain,

Appellant,

v.

SUZANNE WERNICKE, as guardian of
Patricia A. McLain, an incapacitated person,

Appellee.

No. 2D2023-2364

_____

April 4, 2025

Appeal from the Circuit Court for Sarasota County; Charles E. Williams,
Judge.

Eve A. Cann and Duane L. Pinnock of Baker, Donelson, Bearman,
Caldwell & Berkowitz, PC, Fort Lauderdale, for Appellant.

Katherine Fall and Edwin M. Boyer of Boyer & Boyer, P.A., Sarasota, for
Appellee.

ATKINSON, Judge.

    John H. McLain, Jr., as personal representative of the Estate of

Patricia McLain, appeals two orders of the trial court in the underlying

guardianship proceeding that collectively overruled his objections to the guardian's final report and approved the guardian's final report. We reverse the orders and remand for further proceedings.

**Background**

In late 2017, the trial court appointed Suzanne Wernicke as the plenary guardian for Ms. McLain (the ward). After the ward died on March 1, 2022, the guardian filed her final accounting, final report, and a petition for discharge of her role as guardian. *See* Fla. Prob. R. 5.680(a), (c) (requiring the guardian to file a petition for discharge and a final report with certain financial information when the ward has died). The guardian's final report itemized certain "[u]npaid and [a]nticipated fees and costs" owed to the guardian and her legal counsel. The final report indicated that the trial court had previously approved the payment of most of these fees and costs—even though they remained unpaid— while a portion of the fees and costs owed to the guardian's legal counsel had not yet been approved by the court for payment.

The guardian served a copy of the final report on Mr. McLain, who is the ward's son and the appointed personal representative of the ward's estate. Mr. McLain filed objections to the final report on the bases that (1) it failed to account for the proceeds from the sale of the ward's home, (2) it failed to include any supporting documentation for the guardian's fees, (3) it included a significant amount of attorney's fees incurred after the ward's death and was "unclear how [legal counsel] could have amassed these sorts of fees for an uncontested matter when the Ward had already died," and (4) the guardian had refused to provide certain financial information that was the subject of a discovery dispute. Mr. McLain "reserve[d] the right to amend" his objections, and once he received more financial information in discovery, he filed supplemental

objections to the final report that objected to the guardian and her attorney's "excessive billing practices throughout the course of the Ward's uncontested guardianship, in addition to the current outstanding fees that they [we]re seeking" in the final report. The guardian responded, arguing in part that Mr. McLain lacked standing to object to any previously awarded fees and costs and that his supplemental objections were untimely. *See* Fla. Prob. R. 5.680(f) ("All persons served shall have 30 days to file objections to the petition for discharge and final report.").

At the guardian's request, the trial court agreed to bifurcate the hearing on Mr. McLain's objections, limiting its consideration at the hearing to the guardian's legal argument that Mr. McLain lacked standing and deferring the guardian's remaining arguments pending the standing issue.

> THE COURT: Okay. Just so that the record is clear, the Court has bifurcated this hearing to this extent. So there has been a legal argument and the Court is focusing on the issue of standing, the legal issue of standing. If the Court overcomes that hurdle and finds that, [counsel for Mr. McLain], your client has standing, then it would go to an evidentiary hearing; correct?
>
> [Counsel for Mr. McLain]: If Your Honor views it that way.
>
> THE COURT: If the Court finds that your client has overcome the legal standing argument. So that's where the Court is at this point.
>
> . . . .
>
> THE COURT: All right. So what the Court will do first is consider the legal argument that has been made. And then depending on the Court's ruling, we'll deal with what may come afterwards.

3

In accordance with the bifurcated procedure, at the hearing the parties focused their legal arguments on the issue of standing. Counsel for the guardian acknowledged that Mr. McLain had standing to object to the final report but argued that he was not permitted "to now go back" and collaterally attack prior court orders that approved prior accountings or the payment of guardian and attorney fees because Mr. McLain never filed a request for notice of those prior proceedings under Florida Probate Rule 5.060.

> Here, . . . we're not arguing that the personal representative lacked standing to object to the final report but rather that the personal representatives have standing to object to the final report as it's stated out in the Florida statutes and probate rules that those objections are to take place does not include or extend to every petition and order including those involving attorney and guardian fees since the inception of the guardianship.
>
> . . . .
>
> So our first argument is that Mr. McLain and the personal representative lacks standing to now go back in and they lack standing to go and challenge these and they haven't. And Your Honor, I want to be clear about this because I don't want this to be confused at all. They are not challenging the orders awarding these fees. They're not challenging the orders [ap]proving the guardian -- the annual accountings. They're objecting to the final report of the guardian of the property.
>
> . . . .
>
> So here we know Mr. McLain never filed a request for notice and copies under rule 5.060. In fact, no one and none of the next of kin or anyone else filed a request for notice of copies under rule 5.060. He was never determined to be an interested person for fee proceedings of the guardianship nor did he ask the Court to make such a determination. Accordingly, he lacks standing to participate in the guardian and attorney fee proceedings.

4

Additionally, an objection to the final report does not convey unt[o] a personal representative standing to now go back and attack each of these orders, which is not even being done here today, because the only issue before the Court today is the objection to the final report.

The trial court issued two orders that are the subject of this appeal. The first order approved the guardian's final report, in which the trial court found that Mr. McLain's objections and supplemental objections were "without merit" and that the final report and final accounting "conform[ed] to all requirements of the Florida Statutes." The second order overruled and denied Mr. McLain's objections and supplemental objections. In that order, the trial court found that "based on the arguments of counsel and the controlling law[,] . . . the Personal Representative's Objections are without merit, lack standing, untimely, and without basis under the Florida Guardianship Law, Florida Probate Rules, and relevant case law." As to standing, the trial court reasoned that Mr. McLain "did not file a request for notice and copies in accordance with Florida Probate Rule 5.060 or seek to have the court determine him to be an 'interested person' for guardianship fee proceedings."

## Analysis

Mr. McLain argues on appeal that the trial court erred in its conclusion that he lacked standing to raise his objections and supplemental objections to the guardian's final report and by ruling on the merits of those objections despite limiting the hearing to the standing issue. Our review is de novo. *See Pena v. Rodriguez*, 273 So. 3d 237, 240 (Fla. 3d DCA 2019) ("We review a claim of deprivation of procedural due process de novo." (citing *A.B. v. Fla. Dep't of Child. & Fam. Servs.*, 901 So. 2d 324, 326 (Fla. 3d DCA 2005))); *Bivins v. Rogers*, 147 So. 3d

5

549, 550 (Fla. 4th DCA 2014) ("A dismissal based on lack of standing raises a question of law that is reviewed *de novo*.").

Standing refers to a would-be litigant's ability to "demonstrate a direct and articulable stake in the outcome of a controversy." *Brown v. Firestone*, 382 So. 2d 654, 662 (Fla. 1980). The parties' arguments below and on appeal focus on the application of *Hayes v. Guardianship of Thompson*, 952 So. 2d 498 (Fla. 2006), in which the supreme court analyzed how the issue of standing applies in guardianship proceedings. *Hayes* involved heirs of a ward's estate who were precluded for lack of standing from challenging a petition for attorney's fees filed by the guardian's legal counsel during the administration of the guardianship pursuant to section 744.108, Florida Statutes (2006). *Id.* at 500–01. The supreme court first addressed standing in guardianship proceedings generally, explaining that "when deciding whether a person has standing to participate in a specific guardianship proceeding, the court should begin by considering both the provisions of the Florida Guardianship Law and any pertinent Florida guardianship rules." *Id.* at 505–06.

> If a party asserting standing is either entitled to notice or authorized to file an objection in the proceeding under either the statutory provisions or the rules, that party should have standing to participate in the proceeding. Otherwise, the right to receive notice or file an objection would be meaningless. . . . Thus, we hold that if the person is entitled to notice or is authorized to file an objection under the Florida Guardianship Law or the Florida Probate Rules, that person has standing to participate in the guardianship proceeding.

*Id.* at 506.

The supreme court then turned to the specific issue of whether the heirs to the ward's estate had standing to participate in a proceeding for guardian or attorney's fees under section 744.108, initially noting that "there is no specific guardianship rule that provides for notice of, or

6

objections to, petitions for guardian's or attorney's fees beyond what is provided in section 744.108." *Id.*; *see also* § 744.108(6) ("A petition for fees or expenses may not be approved without prior notice to the guardian and to the ward, unless the ward is a minor or is totally incapacitated."). However, it observed that Florida Probate Rule 5.060 applies to all guardianship and probate proceedings and entitles an " 'interested person' who files a request" to receive notice of further proceedings. *Hayes*, 952 So. 2d at 506–07 (quoting Fla. Prob. R. 5.060(a)). The court thus held "that in guardianship proceedings concerning attorney's fees under section 744.108, the only persons entitled to standing are the attorney making the fee request, the guardian, the ward, and those 'interested persons' who have filed written requests for notice under Florida Probate Rule 5.060." *Id.* at 509. And one fact relevant to the court's conclusion that the heirs did not qualify as "interested person[s]" for purposes of standing was that they "never made a request for notice under rule 5.060 as interested persons."[1] *Id.* at 508.

While *Hayes* does provide the governing framework for standing in guardianship proceedings, the trial court misapplied it to this case,

---

[1] The supreme court in *Hayes* also discussed who might qualify as an "interested person," presuming that a written request for notice has been filed. In reliance on the statutory definition of an "interested person" in section 731.201(21), Florida Statutes (2006), the court reasoned that the definition requires courts "to evaluate the nature of both the proceeding and the interest asserted," meaning who qualifies as an interested person "may vary as the circumstances of the guardianship change." *Hayes*, 952 So. 2d at 507–08. For that reason, the court declined to "provide strict guidelines for the lower courts to follow in deciding whether" someone meets the definition of an interested person. *Id.* at 508.

which is in a different procedural posture than that from which the appeal arose in *Hayes*. *Hayes* involved a proceeding under section 744.108 on a petition for attorney's fees filed during the administration of the guardianship, *see id.* at 501, but this case involves a proceeding for the guardian's discharge upon the ward's death and the review of the guardian's final accounting and final report—a separate proceeding governed by Florida Probate Rule 5.680 and section 744.527, Florida Statutes (2023). As the guardian acknowledges in this appeal, rule 5.680 entitles a personal representative of a deceased ward's estate to notice of a guardian's final report and to file objections. *See* Fla. Prob. R. 5.680(e) ("The guardian applying for discharge shall serve a copy of the petition for discharge and final report on . . . the personal representative of a deceased ward . . . ."); Fla. Prob. R. 5.680(f) ("All persons served shall have 30 days to file objections to the petition for discharge and final report."). Because rule 5.680 entitled Mr. McLain to notice and an opportunity to object, the reasoning of *Hayes* compels the conclusion that he had standing to raise his objections and otherwise participate in the proceeding. *See* 952 So. 2d at 500 (holding that a person "has standing to participate in a guardianship proceeding if the applicable provisions of either the Florida Guardianship Law or the Florida Probate Rules entitle the person to notice of the proceeding or authorize the person to file an objection in the proceeding").

The Florida Supreme Court's *Hayes* decision did not establish a categorical limitation on rule-based standing to only those who achieved the status of "interested person[s]" under rule 5.060; rather, isolation of its discussion to that rule was a consequence of the particular procedure at issue in that case. *See id.* at 509 ("We hold that in guardianship proceedings *concerning attorney's fees under section 744.108*, the only

8

persons entitled to standing are the attorney making the fee request, the guardian, the ward, and those 'interested persons' who have filed written requests for notice under Florida Probate Rule 5.060." (emphasis added)). The rationale of *Hayes* includes a larger holding that must, by logic, apply to Mr. McLain in this case. Answering the question of "whether standing to participate in guardianship proceedings under *this statute*[, section 744.108,] is limited to the guardian and the ward—and their counsel in attorney's fees proceedings—or whether it also extends to other parties," the court deduced its answer from the general pronouncement that "in determining whether a person has standing in a guardianship proceeding, courts must consider the applicable provisions of both the Florida Guardianship Law and the Florida Probate Rules." *See id.* at 502, 509 (emphasis added).

While a section 744.108 proceeding concerns requests for guardian and attorney fees, a proceeding involving the review of a guardian's final report also necessarily encompasses requests for certain guardian and attorney fees. *See* Fla. Prob. R. 5.680(b)(3), (c) (requiring that the guardian's final report account for "the amount of unpaid and anticipated costs and fees to be paid to the guardian and to the attorneys . . . employed by the guardian"). And to the extent the guardian is requesting that her and her attorney's unpaid and anticipated fees be paid from the assets of the guardianship estate, those are expenses that affect the finances of the ward's estate for which Mr. McLain is charged with administering as the personal representative. Consequently, Mr. McLain has a "direct and articulable stake in the outcome" of the proceeding given his role as personal representative of the ward's estate. *Brown,* 382 So. 2d at 662.

9

To be sure, rule 5.060 applies to all guardianship proceedings, so a determination that Mr. McLain qualified as an interested person under rule 5.060 would have been sufficient to confer him with standing to object to the guardian's final report and participate in the proceeding. *See Hayes*, 952 So. 2d at 506 (explaining that rule 5.060 "applies to all guardianship and probate proceedings in this state"). Under the circumstances of this case, however, whether Mr. McLain so qualified is immaterial given that rule 5.680 entitled him to notice of the proceeding and an opportunity to object. For that reason, we need not resolve the parties' arguments regarding whether Mr. McLain qualified as an "interested person" within the meaning of rule 5.060.

Furthermore, it is sufficient for purposes of the standing issue being resolved in this appeal that the Florida Supreme Court directed trial courts to "evaluate the nature of both the proceeding and the interest asserted" when determining whether a certain individual qualifies as an interested person, *see id.* at 507, and that the personal representative of the deceased ward that is the subject of this case has a sufficient interest in the guardian's final report proceeding to establish his standing under the general logic of the *Hayes* opinion. As such, this court need not determine whether the language of *Hayes* is capacious enough to be read to broadly confer standing to participate in all aspects of a guardianship proceeding to any individual who has some entitlement under statute and rule to notice and the right to object, even if that entitlement itself is limited narrowly to a specific aspect of the guardianship proceedings or, on the other hand, better read to indicate that a person whose standing is based on a rule or statute entitling him to the right to notice or the right to object is limited to standing only in

10

the guardianship proceeding or proceedings to which he is entitled to such notice and right to object.

Moreover, the gravamen of the guardian's argument is focused on the proper scope of objections that a litigant with standing can make to a guardian's final report. Mr. McLain objected to those guardian and attorney fees listed in the final report as well as those previously awarded and paid "throughout the course of the Ward's uncontested guardianship," but the guardian argues in this appeal that a litigant's entitlement to notice and to file objections to a final report "does not confer an entitlement to notice or authorization to object to every other proceeding in a guardianship since its inception" and that, as a result, Mr. McLain "lacked standing to challenge the guardian and attorney fees *previously awarded*."[2] (Emphasis added.) In the disposition of this appeal, however, this court need not and cannot decide the proper scope of objections Mr. McLain can make to the final report. Even presuming for the sake of argument that some or all of Mr. McLain's objections were procedurally beyond the scope of a proceeding for the review of the guardian's final report, such a conclusion would not alter the fact that he had standing to participate in the proceeding and to file objections. In other words, whether any of Mr. McLain's objections were beyond the scope of the proceeding is not a matter of standing. Mr. McLain's standing rises or falls on the effect that the outcome of *the proceeding*

---

[2] Considering the guardian's argument, Mr. McLain is correct in noting that the trial court granted broader relief than what the guardian requested from the trial court. Instead of limiting its conclusion to a lack of standing to object to fees "previously awarded," the trial court concluded that Mr. McLain lacked standing entirely, to include a lack of standing to object to fees itemized in the final report that were not "previously awarded."

11

will have on him, not on the nature of his objections. *See Brown*, 382 So. 2d at 662.

While the trial court additionally concluded that Mr. McLain's objections were "without merit" and "without basis under the Florida Guardianship Law, Florida Probate Rules, and relevant case law"—which may or may not have been based on the scope of the objections given the particular type of proceeding in which they were raised—this court cannot consider whether those additional conclusions support an affirmance of the orders on appeal and therefore makes no determination regarding the merits of those objections. This is because the trial court deprived Mr. McLain of his procedural due process rights to notice and an opportunity to be heard by limiting the hearing to the "legal issue of standing" but then—without further notice or hearing—ruling on the merits of Mr. McLain's objections in its written orders. *See Zelman v. Zelman*, 175 So. 3d 871, 878 (Fla. 4th DCA 2015) ("And where a person has both standing and notice, a right to due process is triggered to insure that participation is meaningful. . . . 'Fair notice and a reasonable opportunity to be heard shall be given interested parties before a judgment or decree is rendered.' " (quoting *Ryan's Furniture Exch. v. McNair*, 162 So. 483, 487 (Fla. 1935))); *cf. In re Est. of Assimakopoulos*, 228 So. 3d 709, 715 (Fla. 2d DCA 2017) (concluding that the entry of judgments awarding expert witness fees "violated due process because neither Lana nor anyone else was notified that these claims would be considered at the sanctions hearing"). This court therefore declines to consider any other issues regarding Mr. McLain's objections and supplemental objections beyond his standing until he has been afforded a hearing on those issues. *See* § 744.527(1) ("If objections are filed [to the final report], the court shall conduct a hearing in the same manner

12

as provided for a hearing on objections to annual guardianship reports."); § 744.369(7) ("If an objection has been filed to a report, the court shall set the matter for hearing . . . . After the hearing, the court shall enter a written order either approving, or ordering modifications to, the report.").

We reverse the trial court's orders approving the guardian's final report and overruling and dismissing Mr. McLain's objections and supplemental objections, and we remand for the trial court to conduct further proceedings on Mr. McLain's objections and supplemental objections consistent with this opinion. In doing so, the trial court may or may not need to reach issues for which an evidentiary hearing is necessary.

Reversed and remanded.

LUCAS and SMITH, JJ., Concur.

_____

Opinion subject to revision prior to official publication.